Commonwealth *v.* Senk, Appellant.

Argued November 10, 1965. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Gailey C. Keller,* with him *Hervey B. Smith,* for appellant.

*Nicholas B. Piazza,* Assistant District Attorney, with him *Howard R. Berninger,* District Attorney, for Commonwealth, appellee.

*Joseph M. Smith,* Assistant District Attorney, with him *James C. Crumlish, Jr.,* District Attorney, for intervenor.

*George Kerestes,* president, District Attorneys Association of Pennsylvania, for intervenor.

OPINION BY MR. JUSTICE EAGEN, September 27, 1966:

On April 5, 1962, the appellant, Frank Earl Senk, was convicted, by a jury in Columbia County, of murder in the first degree. Sentence was fixed at death. An appeal to this Court followed, and we affirmed the judgment, 412 Pa. 184, 194 A. 2d 221 (1963). Subsequently, the United States Supreme Court granted certiorari, and on June 22, 1964, vacated our order of affirmance and remanded the case to this Court for further proceedings, not inconsistent with its decision in *Jackson v. Denno,* 378 U. S. 368 (1964). See, 378 U. S. 562 (1964).

On August 25, 1964, acting in accordance with the above mandate, we remanded the record to the court of original jurisdiction with directions to hold a post trial

hearing, consistent with the requirements of due process, to determine if in-custody incriminating statements, particularly a written confession made by Senk to investigating police officers and used against him at trial, were his voluntary acts. We further directed, that after said hearing, the trial court file a written report of its findings and conclusions with this Court for further consideration.

After remand, counsel for Senk appeared before and advised the trial court, that following full discussion with their client, he had agreed and requested that any further hearing be waived, and that the issue of the voluntariness of the incriminating statements be determined on the existing record.[1] Counsel also requested the opportunity to file a written brief and present oral argument. The court approved and followed the procedure requested. Later, it filed an able and comprehensive report with this Court detailing its findings as to the factual circumstances incident to the giving of the incriminating statements involved, and concluded that the evidence thereof was properly admitted at trial and the issue of voluntariness was for the jury to resolve. We have carefully studied this report in conjunction with the trial record. We approve and affirm the factual findings and the pertinent conclusion set forth therein. They are amply substantiated by the record. We are also persuaded that they are true and correct.

Since all of the circumstances incident to Senk's admissions and confession are fully detailed in the lower court's report, they will not be repeated here. However, for the purpose of one question that presently needs discussion, it must be noted that the incriminat-

---

[1] By stipulation, a press release, published following Senk's arrest by the then Commissioner of the Pennsylvania State Police, was added to the original record.

ing statements were made at a time when Senk was without the benefit of legal counsel, had not been offered such assistance, and also before he was given adequate warning of his right to remain silent.[2]  The question follows: Did the absence of effective warning of these constitutional rights per se render evidence of the incriminating statements inadmissible at trial?  We conclude not.

Since this case was tried before the announcement of the United States Supreme Court rulings in *Escobedo v. Illinois,* 378 U. S. 478 (1964), and *Miranda v. Arizona,* 384 U. S. 436 (1966), these cases do not control: *Johnson v. New Jersey,* 384 U. S. 719 (1966). The fact that the new standards governing in-custody interrogation enunciated in *Escobedo* and *Miranda* were not followed during Senk's interrogation does not in itself vitiate and render inadmissible evidence of the incriminating statements that this interrogation produced.  See, *Johnson v. New Jersey,* supra, and *Davis v. North Carolina,* 384 U. S. 737 (1966).

We are cognizant that the above may be in conflict with our ruling in *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965), wherein we stated that *Escobedo* applied to cases not yet "final" as we therein defined that term.  However, *Negri* was decided when great confusion and disagreement existed in the courts as to the impact of the ruling in *Escobedo,* and we spe-

---

[2] The record does show, that before his statements were reduced to writing, Senk was warned that anything he said would be used against him in court. It also appears that early in the questioning period one investigating officer did advise him that he need not answer any questions. While Senk testified that he requested the assistance of counsel on several occasions during the interrogation period, this was categorically denied by the police witnesses, and the trial court found his testimony in this regard too vague and indefinite to be credible. It also significantly pointed to the fact that his wife and mother who had ample opportunity to contact and secure the services of an attorney on his behalf never did so.

cifically stated that our ruling in *Negri* would prevail only until such time as the United States Supreme Court spoke further on the question involved. Since the definitive ruling in *Johnson,* we have reconsidered *Negri* and resolved to accept *Johnson* as controlling. See, *Commonwealth ex rel. Wilkes v. Maroney,* 423 Pa. 113, 222 A. 2d 856 (1966), and *Commonwealth v. Cheeks,* 423 Pa. 67, 223 A. 2d 291 (1966).

Therefore, it is our conclusion that the determinative issue herein on the admissibility of the evidence under discussion is this: In the light of all the circumstances disclosed by the record, particularly the absence of counsel during the interrogation and the failure of the investigating officers to effectively warn Senk of his constitutional right to remain silent and to have the assistance of counsel during the questioning, is it necessary to find, as a matter of law, that his statements to the police were those of a coerced and overborne individual? It is our conclusion, after a careful consideration of all the facts, that the question of whether the statements were free and voluntary or coerced was for the jury to resolve, and that the requirements of *Jackson v. Denno,* supra, have been met by the independent determination of the trial court, after the verdict, that the above mentioned statements of the defendant were in fact free and voluntary.

Judgment affirmed.

Mr. Justice COHEN dissents.