UNITED STATES of America ex rel. Frank Earl SENK, Appellant,

v.

H. E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania.

No. 17069.

United States Court of Appeals Third Circuit.

Argued May 10, 1968.

Decided June 6, 1968.

Gailey C. Keller, Smith, Eves & Keller, Bloomsburg, Pa., for appellant.

Nickolas B. Piazza, Asst. Dist. Atty., Bloomsburg, Pa., for appellee.

Before McLAUGHLIN, KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This case is before the court on appeal from an order of the District Court, denying appellant's petition for a writ of habeas corpus entered after careful consideration of the state court record, findings and conclusions. See United States v. Russell, 274 F.Supp. 783 (1967). The background of the case is accurately stated as follows in the first paragraph of Commonwealth v. Senk, 423 Pa. 129, 223 A.2d 97, 98 (1966):

"On April 5, 1962, the appellant, Frank Earl Senk, was convicted, by a jury in Columbia County, of murder in the first degree. Sentence was fixed at death. An appeal to this Court followed, and we affirmed the judgment, 412 Pa. 184, 194 A.2d 221 (1963). Subsequently, the United States Supreme Court granted certiorari, and on June 22, 1964, vacated our order of affirmance and remanded the case to this Court for further proceedings, not inconsistent with its decision in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 * * * (1964). See, [Com. v. Senk] 378 U.S. 562, 84 S.Ct. 1928, 12 L.Ed.2d 1039 * * * (1964)."

The issue of the voluntariness of the appellant's confession made in the early morning hours of January 21, 1962, more than 50 hours after his arrest at 9:15 P.M. on January 18, 1962, was submitted to the state trial court on the previously made trial record, supplemented by a brief stipulation. By opinion filed November 24, 1964, the trial court concluded that the confession was voluntary and this was affirmed by the above-cited opinion of the Pennsylvania Supreme Court,[1] which

"* * * noted that the incriminating statements were made at a time when Senk was without the benefit of legal counsel, had not been offered such assistance, and also before he was given adequate warning of his right to remain silent.[2]

"2. The record does show, that before his statements were reduced to writing, Senk was warned that anything he said would be used against him in court. It also appears that early in the questioning period one investigating officer did advise him that he need not answer any questions. While Senk testified that he requested the assistance of counsel on several occasions during the interrogation period, this was categorically denied by the police witnesses, and the trial court found his testimony in this regard too vague and indefinite to be credible. It also significantly pointed to the fact that his wife and mother who had ample opportunity to contact and secure the services of an attorney on his behalf never did so."

See 223 A.2d at 99.

Subsequent to the opinion and order of the District Court in this case, we have ruled that the Pennsylvania state courts should be given an opportunity to act with respect to alleged denial of the constitutional rights of a Pennsylvania

1. A petition for writ of certiorari to review this September 27, 1966, decision was denied. Senk v. Pennsylvania, 387 U.S. 914, 87 S.Ct. 1644, 18 L.Ed.2d 638 (1967). One State Police officer conceded that he did not advise appellant of his right to remain mute because appellant stated that he was well aware of his rights, that he had been involved with the police many times, and that he had been through two or three court trials At the time appellant gave his statement on the early morning of January 21, 1962, he was warned that "anything you say may be used against you in court" but he was not told that he had the right to remain silent and to have a lawyer.

prisoner seeking a writ of habeas corpus in the federal court through a proceeding brought under the Pennsylvania Post Conviction Hearing Act, 19 P.S. §§ 1180–1 to 1180–14. United States ex rel. Singer v. Myers, 384 F.2d 279 (3rd Cir. 1967). In making its findings and conclusions in November 1964, the state trial court did not have before it the June 1966 decisions of the United States Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); and Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966).[2] In

view of the prolonged period of custody and questioning of the appellant and the failure to advise him fully as to the extent of his privilege against self-incrimination as discussed in the foregoing cases, we will affirm the order of the District Court solely for the reason that appellant has not exhausted his available state remedies, as required by 28 U.S.C. § 2254, and without prejudice to his right to apply for relief under 19 P.S. §§ 1180–1 to 1180–14, as stated above. The state trial court will have the opportunity to consider this case in the light of the above-cited 1966 decisions of the Supreme Court of the United States when a proceeding under the Post Conviction Hearing Act is brought before it.

2. In the *Johnson* case, supra, the court said at pp. 730–731, 86 S.Ct. at pp. 1779–1780:

"At the same time, our case law on coerced confessions is available for persons whose trials have already been completed, providing of course that the procedural prerequisites for direct or collateral attack are met. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Prisoners may invoke a substantive test of voluntariness which, because of the persistence of abusive practices, has become increasingly meticulous through the years. See Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961). That test now takes specific account of the failure to advise the accused of his privilege against self-incrimination or to allow him access to outside assistance. See Haynes v. State of Washington, 373 U.S. 503, 83 S. Ct. 1336, 10 L.Ed.2d 513 (1963); Spano v. People of State of New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959). * * * Thus while *Escobedo* and *Miranda* provide important new safeguards against the use of unreliable statements at trial, the non-retroactivity of these decisions will not preclude persons whose trials have already been completed from invoking the same safeguards as part of an involuntariness claim.

"Nor would retroactive application have the justifiable effect of curing errors committed in disregard of constitutional rulings already clearly foreshadowed. We

have pointed out above that past decisions treated the failure to warn accused persons of their rights, or the failure to grant them access to outside assistance, as factors tending to prove the involuntariness of the resulting confessions." Similarly, in the *Davis* case, supra, the court stated at pp. 740–741, 86 S.Ct. at p. 1764:

"The review of voluntariness in cases in which the trial was held prior to our decisions in *Escobedo* and *Miranda* is not limited in any manner by these decisions. On the contrary, that a defendant was not advised of his right to remain silent or of his right respecting counsel at the outset of interrogation, as is now required by *Miranda*, is a significant factor in considering the voluntariness of statements later made. This factor has been recognized in several of our prior decisions dealing with standards of voluntariness. * * * [Citing cases.] Thus, the fact that Davis was never effectively advised of his rights gives added weight to the other circumstances described below which made his confessions involuntary."

All matters which appellant wishes to raise on petition for a writ of habeas corpus in the federal courts (for example, iii and iv on pages 4f to 4h of the petition filed in the District Court) should be raised in such proceeding as required by 28 U.S.C. § 2254.