**UNITED STATES** of America ex rel. **William SMITH, Jr., Petitioner,**

v.

**Joseph R. BRIERLEY, Superintendent, State Correctional Institution at Philadelphia, Respondent.**

**No. 944.**

United States District Court
M. D. Pennsylvania.

Feb. 5, 1969.

William Smith, Jr., pro se.

John F. Rauhauser, Jr., Dist. Atty., Nevin J. Trout, Asst. Dist. Atty., York County, York, Pa., for respondent.

## MEMORANDUM

FOLLMER, District Judge.

William Smith, Jr., an inmate at the State Correctional Institution, Philadelphia, Pennsylvania, originally submitted his petition for writ of habeas corpus, in forma pauperis, to the United States District Court for the Eastern District of Pennsylvania. By Orders of that court leave to proceed in forma pauperis was granted, and the petition was transferred to this district. A Rule to Show Cause was issued, and answers were received from the respondent and the District Attorney of York County. Petitioner filed a petition for appointment of counsel and a traverse to the answer. In addition, this court ordered the pro-

duction of all of the state records, and these, along with all the other documents, have been carefully studied.

The grounds on which petitioner bases his allegation that he is being held in custody unlawfully are as follows:

(a) Relator's conviction resulted from the admission into evidence at his trial, over defense objections, of a statement allegedly obtained from relator. Relator claimed the statement was fraudulent. His counsel argued that it was obtained through coercion and denial of counsel.

(b) Relator was denied due process of law when two police witnesses for the Commonwealth violated the court's order sequestering witnesses, and the court summarily rejected defense counsel's motions for a mistrial without permitting the defendant to produce witnesses to prove the violations.

Petitioner was tried and found guilty of second degree murder by the Court of Oyer and Terminer of York County. He appealed his conviction to the Supreme Court of Pennsylvania, and the conviction was affirmed, Commonwealth v. Smith, 424 Pa. 9, 225 A.2d 691 (1967). He has not sought relief either through state habeas corpus or the Pennsylvania Post Conviction Hearing Act.

Petitioner claims that he is entitled to seek federal habeas corpus relief because he has exhausted his *available* state remedies. He contends that the Supreme Court of Pennsylvania considered on his direct appeal the same contentions he now wishes to raise by collateral attack, and he should not be forced to go through the useless procedure of resubmitting his claims to the state courts.[1]

In United States ex rel. Senk v. Russell, 396 F.2d 445 (3 Cir., 1968), petitioner was convicted by a jury in Columbia County of murder in the first degree. On appeal the Pennsylvania Supreme Court affirmed the judgment, Commonwealth v. Senk, 412 Pa. 184, (1963). Thereafter the United States Supreme Court granted certiorari, vacated the order of affirmance of the Pennsylvania Supreme Court and remanded the case to the latter court for further proceedings, 378 U.S. 562, 84 S.Ct. 1928, 12 L.Ed.2d 1039 (1964).

The Pennsylvania Supreme Court remanded the record to the Columbia County court with directions to hold a post trial hearing, consistent with the requirements of due process, to determine if in-custody incriminating statements, particularly a written confession made by Senk to investigating police officers and used against him at trial, were his voluntary acts. The trial court was further directed to file, at the conclusion of said hearings, a written report of its findings and conclusions to the Pennsylvania Supreme Court for its further consideration. In due course the trial court filed an exhaustive report with the Pennsylvania Supreme Court, and after a study of the report in conjunction with the trial record, the report was approved by the Pennsylvania Supreme Court, Commonwealth v. Senk, 423 Pa. 129, 223 A.2d 97 (1966).

Subsequently Senk filed a petition for writ of habeas corpus in this court, which was denied after careful consideration of the state court record, findings and conclusions, 274 F.Supp. 783 (M.D.1967). On appeal, the United States Court of Appeals for the Third Circuit affirmed this court's decision solely for the reason that Senk had not exhausted his available state remedies. In accordance with its decision in United States ex rel.

---

1. See section 1180–4(a) (3) of the Pennsylvania Post Conviction Hearing Act (Pa.Stat.Ann. tit. 19 § 1180–1 et seq.) which provides:
  (a) For the purpose of this act, an issue is finally litigated if:

    \*    \*    \*    \*    \*
  (3) The Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue.

Singer v. Myers, 384 F.2d 279 (3 Cir., 1967), the court held that Pennsylvania state courts should be given an opportunity to act with respect to alleged denial of the constitutional rights of a Pennsylvania prisoner seeking federal habeas corpus through a proceeding brought under the Pennsylvania Post Conviction Hearing Act.

■■ In deciding Senk the Court of Appeals was clearly aware of the fact that Senk had twice unsuccessfully presented his claims to the Pennsylvania courts. It nevertheless ruled that the state procedures must be fully exhausted before relief could be sought in the federal courts. That this is a wise rule is obvious, and it is equally obvious that petitioner Smith has not met this requirement.

Accordingly, the request for appointment of counsel will be denied, and the petition for writ of habeas corpus will be dismissed without prejudice, to permit petitioner to seek relief in the state courts.

It is the opinion of this court that no probable cause for an appeal exists.

