**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Petitioner,**

v.

**George J. HYKEL**

and

**Havertown Savings and Loan Association, Respondents.**

**Misc. No. 71-224.**

United States District Court, E. D. Pennsylvania.

Oct. 18, 1971.

Arthur W. Leibold, Jr., Gen. Counsel, Paul E. McGraw, Associate Gen. Counsel, Anthony J. McMahon, Atty., Federal Home Loan Bank Bd., Washington, D. C., for petitioner.

Louis C. Bechtle, U. S. Atty., Warren D. Mulloy, Asst. U. S. Atty., Philadelphia, Pa., L. Patrick Gray III, Asst. Atty. Gen., Jeffrey F. Axelrad and Harland F. Leathers, Attys., Dept. of Justice, Washington, D. C., as amicus curiae on behalf of petitioner.

F. Emmett Fitzpatrick, Jr., Philadelphia, Pa., for respondent George J. Hykel.

Thomas J. Reilly, Upper Darby, Pa., for respondent Havertown Savings and Loan Assn.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

This is a proceeding brought under the authority of Section 407(k) (2) of the National Housing Act (hereinafter referred to as Act), as amended 12 U.S. C.A. § 1730(k) (2), by the Federal Savings and Loan Insurance Corporation (hereinafter referred to as Corporation) against George J. Hykel and Havertown Savings and Loan Association (hereinafter referred to as Havertown), a savings and loan association organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, to enforce a Notice of Suspension issued by the Corporation, acting through the Fed-

eral Home Loan Bank Board, 12 U.S.C. A. § 1725(a), pursuant to Section 407(h) of the Act, 12 U.S.C.A. § 1730 (h).

Petitioner has requested that this Court enter an order:

1. Directing the officers, directors and employees of respondent Havertown to desist in aiding, abetting or approving any participation by respondent Hykel in any manner in the affairs of Havertown.

2. Directing respondent Hykel to pay over or return to respondent Havertown any and all money, profits or things of value he may have received by reason of his participation in the affairs of Havertown.

3. Directing that the United States recover the costs of maintaining this action.

A hearing was held on August 16, 1971, at which time it was admitted that the facts were not in dispute. A recapitulation of the principal facts will be beneficial in placing this case in its proper perspective.

On March 5, 1970, George J. Hykel, President and a Director of Havertown, was indicted by the Grand Jury for the Eastern District of Pennsylvania, United States v. George J. Hykel, Criminal No. 70–104, for having acted dishonestly and in breach of his fiduciary duties to Havertown in violation of 18 U.S.C.A. § 371 and 18 U.S.C.A. § 1006. Pursuant to 12 U.S.C.A. § 1730(h), on April 14, 1970, the Corporation issued a Notice of Suspension to Hykel suspending him as President and Director of Havertown pending disposition of the criminal proceedings against him and prohibiting him from "further participation in any manner in the conduct of the affairs of [said] institution."[1]

Hykel challenged his suspension and the constitutionality of Section 407(h). A Three-Judge Court, appointed pursuant to 28 U.S.C.A. §§ 2282 and 2284, dismissed without reaching the merits of Hykel's claim pursuant to 12 U.S.C.A. § 1730(k) (2). Hykel v. Federal Savings and Loan Insurance Corp., 317 F. Supp. 332 (E.D.Pa.1970).

On February 24, 1971, Hykel was convicted of violating 18 U.S.C.A. § 1006. His post-trial motions have been denied and he has been sentenced by this Court.

Beginning in March, 1971, Hykel has acted as a real estate agent on behalf of Havertown and has been authorized to sell or rent real estate acquired by Havertown through foreclosure. Hykel has received commissions for his services. The Notice of Suspension is still in full force and effect.

The only issue is whether Hykel's activities in acting as a real estate agent on behalf of Havertown are considered "participation in any manner in the conduct of the affairs of the Institution" in violation of Section 407(h). We find that they are.

Section 407(h) of the Act provides in pertinent part:

Whenever any director or officer of an insured institution * * * is charged in any information, indictment, or complaint authorized by a United States Attorney, with the commission of or participation in a felony involving dishonesty or breach of trust, the Corporation may, by written notice served upon such director, officer, or other person, suspend him from office and/or prohibit him from further participation in any manner in the conduct of the affairs of the institution. A copy of such notice shall also be served upon the in-

---

1. 12 U.S.C.A. § 1730(h) confers on the Corporation identical suspension powers over indicted officials of state chartered savings and loan associations as 12 U.S. C.A. § 1464(d) (5) (A) confers on the Federal Home Loan Bank Board over indicted officials of Federal savings and loan associations, and 12 U.S.C.A. § 1818

(g) (1) confers on the Comptroller of the Currency over indicted officials of National Banks, the Federal Reserve Board over indicted officials of state member insured banks, and the Federal Deposit Insurance Corporation over indicted officials of state non-member insured banks, 12 U.S.C.A. § 1813(q).

stitution. Such suspension and/or prohibition shall remain in effect until such information, indictment, or complaint is finally disposed of or until terminated by the Corporation. * * *

Section 407(h) was passed as part of the Financial Institutions Supervisory Act of 1966 (hereinafter referred to as Supervisory Act), P.L. 89–695, 80 Stat. 1028. The broad purpose of the Supervisory Act is outlined in its preamble:

An Act to strengthen the regulatory and supervisory authority of Federal agencies over insured banks and insured savings and loan associations. 1 U.S.Code Cong. & Admin.News, p. 1204 (1966).

The prevailing view of those charged with supervising financial institutions was that Federal agencies were not armed with appropriate remedies to effect the cessation and correction of improper and unscrupulous practices within the industry.[2]

■ The removal provisions were designed to provide a remedy to prevent individuals from holding responsible positions where such individuals have evidenced dishonesty and breach of trust and whose activities should be severed from the institution with which they are associated. These provisions are remedial in nature. They are not designed to punish the official who has evidenced any dishonesty but their object is to protect the institutions, the depositors who invest their funds in the institutions, and the interests of the Government which underwrites the insuring agencies from the activities of those in fiduciary positions which may tend to undermine public confidence in the integrity of these institutions. 3 U.S.Code Cong. & Admin.News, pp. 3532, 3534–5.

Statutes which are remedial in nature should be construed in a manner consistent with promoting the legislative objectives and purposes. Courts have defined words broadly in order to achieve such a result, especially where a narrow construction would serve to defeat such objectives and purposes. *See*, Blau v. Oppenheim, 250 F.Supp. 881, 884 (S.D. N.Y.1966).

At present there are no decisions interpreting Section 407(h) within the context of this case. However, Federal agencies charged with administering similar sections of the Supervisory Act have interpreted these provisions in a manner consistent with the Corporation. *See*, Brief for Petitioner, Exhibits A, C, D and E. The interpretation of the statutory language by these agencies should be given effect. *See*, Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

We hold that Hykel's activities as real estate agent on behalf of Havertown are considered "participation in any manner in the conduct of the affairs of the institution" in violation of Section 407(h).

A savings and loan association invests its funds primarily in mortgages secured by real property. When payment delinquencies arise the properties are foreclosed upon under the terms of the mortgage agreement. Under Section 923(b) of the Pennsylvania Savings Association Code of 1967, 15 P.S. § 5923(b), which governs the conduct of Havertown, such real estate acquired through foreclosure must be sold as expeditiously as possible. Therefore, the sale of such real estate is an "affair" of the institution within the meaning of Section 407(h).

A real estate agent has broad discretionary powers with respect to the sale or rental of property. Such powers may include decisions as to the specific parcels to be sold, market price, timeliness of sale and terms of financing. For

---

2. This general viewpoint was expressed in a joint letter of March 29, 1966 signed by the Secretary of the Treasury, Chairman of the Board of Governors of the Federal Reserve System, Chairman of the Federal Home Loan Bank Board and Chairman of the Federal Deposit Insurance Corporation, S.Rep.No.1482, 89th Cong., 2d. Sess., 3 U.S.Code Cong. & Admin.News pp. 3532, 3536 (1966).

these services the agent receives a commission.

In enacting Section 407(h) Congress sought to exclude individual officers and directors who have evidenced dishonesty from any opportunity which offers a potential for a recurrence. We find that Hykel's activities as a real estate agent do offer the opportunity for such a recurrence. In view of the broad purposes of Section 407(h) and the nature of his powers as a real estate agent, we hold that Hykel's activities are considered "participation" in the affairs of Havertown and should not be continued.

■ We find no authority by which this Court can order Hykel to return the payments received for the transactions already completed. Furthermore, no evidence of bad faith or impropriety has been alleged with respect to these specific past transactions which obligates this Court to consider this request.

■ Finally, we note that petitioner has requested that its costs for maintaining this action be recovered. We find that this being a case of first impression, no punitive measures should be imposed.