**FEDERAL SAVINGS & LOAN INSURANCE CORPORATION**

v.

**George J. HYKEL, Appellant, and Havertown Savings and Loan Association.**

**No. 71-2109.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Oct. 19, 1972.

Decided Nov. 6, 1972.

---

* Honorable Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

F. Emmett Fitzpatrick, Jr., Fitzpatrick & Smith, Philadelphia, Pa., for appellant.

Daniel J. Goldberg, Paul E. McGraw, Federal Home Loan Bank Board, Washington, D. C., for appellee.

Before STALEY, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Appellant Hykel appeals from an order of the district court directing him to cease and desist from participating in the affairs of Havertown Savings and Loan Association (Havertown). The order was entered on the petition of Federal Savings and Loan Insurance Corporation (FSLIC) for enforcement of its notice, issued pursuant to section 407(h) [1] of the National Housing Act, 12 U.S.C. § 1730(h), suspending Hykel from participation in any manner in the conduct of the affairs of Havertown, an insured institution. The Notice of Suspension had been issued originally when Hykel was indicted for violations of 18 U.S.C. § 371 and 18 U.S.C. § 1006. Hykel was eventually convicted, and that conviction was affirmed by this court. United States v. Hykel, 461 F.2d 721 (3d Cir. 1972); no petition for certiorari

---

1. The section provides:

"Whenever any director or officer of an insured institution, or other person participating in the conduct of the affairs of such institution, is charged in any information, indictment, or complaint authorized by a United States Attorney, with the commission of or participation in a felony involving dishonesty or breach of trust, the Corporation may, by written notice served upon such director, officer, or other person, suspend him from office and/or prohibit him from further participation in any manner in the conduct of the affairs of the institution. A copy of such notice shall also be served upon the institution. Such suspension and/or prohibition shall remain in effect until such information, indictment, or complaint is finally disposed of or until terminated by the Corporation. In the event that a judgment of conviction with respect to such offense is entered against such director, officer, or other person, and at such time as such judgment is not subject to further appellate review, the Corporation may issue and serve upon such director, officer, or other person an order removing him from office and/or prohibiting him from further participation in any manner in the conduct of the affairs of the institution except with the consent of the Corporation. A copy of such order shall also be served upon such institution, whereupon such director or officer shall cease to be a director or officer of such institution. A finding of not guilty or other disposition of the charge shall not preclude the Corporation from thereafter instituting proceedings to remove such director, officer, or other person from office and/or to prohibit further participation in institutional affairs, pursuant to paragraph (1) or (2) of subsection (g) of this section."

was filed. In a related case, while the indictment was pending but not yet tried, Hykel challenged the constitutionality of 407(h) in a civil injunction action before a three-judge district court. That court dismissed the action on jurisdictional grounds without dealing with the merits of Hykel's constitutional claims. Hykel v. Federal Savings and Loan Insurance Corporation, 317 F.Supp. 332 (E.D.Pa.1970). No appeal was taken from that decision. Meanwhile Hykel, who had been an officer and director of Havertown, ceased functioning in that capacity, but was designated by Havertown as a real estate agent to act on its behalf in selling and renting properties acquired through foreclosure. FSLIC, considering such activity to be in violation of its Notice of Suspension, petitioned the district court pursuant to § 407(k)(2) of the National Housing Act, 12 U.S.C. § 1730(k)(2), for enforcement. Hykel contended that his activities as a real estate agent did not amount to "participation in any manner in the conduct of the affairs of the institution" and hence did not violate the Notice of Suspension or fall within the spirit of § 407(h). The district court rejected that contention and ordered Hykel to cease and desist. Federal Savings and Loan Insurance Corp. v. Hykel, 333 F. Supp. 1308 (E.D.Pa.1971). This appeal followed.

When the case was submitted to us we were informed that on May 23, 1972, Havertown was merged into Penn Federal Savings and Loan Association, that Havertown has ceased to exist as a separate entity, that Hykel is not employed, nor will he be, as a real estate agent or in any other capacity. Moreover, Hykel having been convicted, the Notice of Suspension issued pursuant to § 407(h), which deals with suspension during the pendency of an indictment, has expired by its terms. FSLIC has authority under the statute to order permanent removal once a conviction on an indictment becomes final, but it has not done so, apparently because Hykel is not con-

nected in any way with the successor institution.

In these circumstances the appeal is clearly moot. It has become moot not by any action of Hykel, but by the action of Havertown and Penn Federal, and the inaction of FSLIC. In such a case the duty of the appellate court is to dismiss the appeal as moot and to remand to the district court with a direction that the judgment of that court be vacated as moot. United States v. Munsingwear, Inc., 340 U.S. 36, 40, 71 S.Ct. 104, 95 L.Ed. 36 (1950). Compare id. with Restatement of Judgments § 69(2) comment d at 317 (1942). This course will protect the appellant from any collateral estoppel or res judicata effects of the district court judgment should the issue of his employment by an insured savings and loan association arise in an adversary context in the future. See 1B J. Moore, Federal Practice ¶ 0.416[6], at 2321 (2d ed. 1965).

The appeal will be dismissed and the case remanded to the district court for the entry of an order vacating the judgment and dismissing the case on the ground of mootness.