UNITED STATES of America, ex rel.,
Frank Earl SENK, S-0026,
Appellant,

v.

J. R. BRIERLEY, Superintendent,
Appellee.

No. 71-1924.

United States Court of Appeals,
Third Circuit.

Submitted Nov. 13, 1972.

Decided Jan. 9, 1973.

Frank Earl Senk, pro. se.

James F. McCort, Asst. Atty. Gen., Philadelphia, Pa., for appellee.

Before ALDISERT, GIBBONS and HUNTER, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from the denial of a petition for a writ of habeas corpus. The district court certified probable cause for appeal. Petitioner Senk is confined in a Pennsylvania prison on a judgment of sentence following his conviction, in 1962, for first degree murder. His conviction was affirmed by the Pennsylvania Supreme Court. Commonwealth v. Senk, 412 Pa. 184, 194 A.2d 221 (1963). That judgment was vacated by the United States Supreme Court and the case was remanded for a hearing pursuant to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), on the admissibility of Senk's extrajudicial statements. Senk v. Pennsylvania, 378 U.S. 562, 84 S.Ct. 1928, 12 L.Ed.2d 1039 (1964) (per curiam).

The Pennsylvania Supreme Court then remanded to the trial court with directions to hold a hearing to determine whether Senk's extrajudicial statements, admitted at his trial, were voluntary. The trial court found that the statements were voluntary and so reported to the Supreme Court of Pennsylvania, which affirmed. Commonwealth v. Senk, 423 Pa. 129, 223 A.2d 97 (1966), cert. denied, 387 U.S. 914, 87 S.Ct. 1694, 18 L.Ed.2d 638 (1967).

In 1967 Senk filed a petition in the district court for a writ of habeas corpus. He contended:

(1) that he had been deprived of his right to counsel;

(2) that a confession used at his trial had been obtained in violation of his privilege against self-incrimination;

(3) that there was introduced in evidence testimony concerning his refusal to submit to a polygraph examination;

(4) that the trial court should have granted a mistrial when on two separate occasions police officers testified about his criminal record;

(5) that he was arrested without a warrant and without probable cause and was detained for 67 hours before being taken before a Magistrate.

In the district court, Judge Follmer, on the basis of the state court record, without any federal evidentiary hearing, denied the petition for a writ of habeas corpus. United States ex rel. Senk v. Russell, 274 F.Supp. 783 (M.D.Pa.1967). Senk appealed. This court on appeal noted (1) that in making its findings on the admissibility of Senk's extrajudicial statements in the Jackson v. Denno hearing the Pennsylvania trial court did not have the benefit of the Supreme Court's subsequent decisions in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) and Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966), and (2) that the district court in rejecting the petition

did not have the benefit of this court's subsequent decision in United States ex rel. Singer v. Myers, 384 F.2d 279 (3d Cir. 1967), rev'd per curiam, 392 U.S. 647, 88 S.Ct. 2307, 20 L.Ed.2d 1358 (1968). The latter case held that a Pennsylvania prisoner, before seeking federal habeas corpus relief, ordinarily must exhaust remedies still available under the Pennsylvania Post Conviction Hearing Act. Pa.Stat.Ann. tit. 19, §§ 1180–1 to 1180–14 (Supp. 1972). We said:

"In view of the prolonged period of custody and questioning of the appellant and the failure to advise him fully as to the extent of his privilege against self-incrimination as discussed in the foregoing cases, we will affirm the order of the District Court solely for the reason that the appellant has not exhausted his available remedies, as required by 28 U.S.C. § 2254, and without prejudice to his right to apply for relief under 19 P.S. §§ 1180–1 to 1180–14, as stated above." United States ex rel. Senk v. Russell, 396 F. 2d 445, 447 (3d Cir. 1968) (per curiam).

The opinion of this court makes it quite clear that all matters which the appellant wished to raise in the petition for habeas corpus in the federal courts must be raised in a Pennsylvania Post Conviction Hearing Act proceeding, as required by 28 U.S.C. § 2254. See 396 F.2d at 447 n. 2.

Senk returned to the Pennsylvania courts. On July 15, 1968 he filed a petition alleging essentially the same five contentions listed above. The Columbia County Court conducted a hearing and denied relief. An appeal was taken to the Pennsylvania Supreme Court and a hearing was held in that court during the week of May 26, 1969. As of the date on which this appeal was submitted to us no decision had been rendered by the Supreme Court of Pennsylvania.

Senk returned to the district court. He filed a new habeas corpus petition alleging the same five contentions set forth above, and in addition a sixth contention, that there had been an inordinate delay by the Pennsylvania Supreme

Court in deciding the appeal on his Post Conviction Hearing Act petition. Judge Nealon in the district court held, with respect to grounds one through five, that these had been determined adversely to Senk by Judge Follmer in the first federal habeas corpus proceeding, and that under 28 U.S.C. § 2244(a) Senk should not be permitted to relitigate these issues. He reasoned that Judge Follmer's opinion, though based solely on the state court records, "was on the merits," and that the same factual and legal contentions should not be reconsidered. With respect to the sixth ground, Judge Nealon concluded that the desire of the Pennsylvania Supreme Court to await the decision of the United States Supreme Court on the constitutionality of the death sentence was an adequate justification for delaying the decision of Senk's appeal in his Post Conviction Hearing Act proceeding from May of 1969 to March of 1972. He ruled:

> "Accordingly, the petition of Frank Earl Senk for a writ of habeas corpus will be dismissed because (1) allegations 1–5 have been raised and disposed of on the merits in a prior habeas corpus petition before this court and (2) Senk has failed to exhaust his available state remedies as to allegation (6)." (footnote omitted).

We reverse as to all six allegations.

There is a "Catch 22" flavor to the disposition by the district court of allegations one through five now before us. When Judge Follmer decided these contentions adversely to Senk based on the state court record he appealed to us. We held that the district court should not have passed upon those contentions. Technically, we affirmed the denial of the writ on a ground at least analogous to a lack of jurisdiction. Technically, perhaps, we should in such circumstances have remanded to the district court with an order to vacate its improper judgment, and to dismiss on exhaustion grounds. Because we did not, the district court on the second petition treated the first district court decision as an adjudication on the merits, even though we held it should not have been made, though our decision that exhaustion of state remedies was required deprived Senk of the opportunity for appellate review of the merits, and though the state proceedings, exhaustion of which we contemplated, have never been completed.

If strict principles of res adjudicata were applicable to habeas corpus proceedings our failure to remand the first case to the district court for vacation of the judgment when we affirmed on a ground analogous to lack of jurisdiction arguably would leave the district court opinion standing as a final decision "on the merits." *See* United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); Federal Savings & Loan Insurance Corp. v. Hykel, 468 F.2d 1386 (3d Cir. 1972). *Compare* the above *with* Restatement of Judgments § 69(2), comment *d* at 317 (1942). But res adjudicata is inapplicable to habeas corpus cases. *E. g.,* Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Fay v. Noia, 372 U.S. 391, 423, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989 (1924). Technical rules which serve as traps for the typically unrepresented pro se litigant have no place in habeas corpus jurisprudence.

In Neil v. Biggers, *supra,* the Supreme Court considered the effect, in a habeas corpus case, of the affirmance of a conviction on certiorari by an equally divided Supreme Court. The problem arose because of the provisions in 28 U.S.C. § 2244(c) that a prior judgment of the Supreme Court "shall be conclusive as to all issues of fact or law . . . in a habeas corpus proceeding. . . ." The Court declined to construe § 2244 (c)'s bar as extending to claims on which the judgment of a state court stands because of the affirmance by an equally divided Court. This is clearly an *a fortiori* case. In the first appeal we did not express a divided opinion on the issues considered by Judge Follmer; we expressed no opinion. Moreover, unlike the mandatory language adopted by Congress in 1966 when it enacted § 2244(c),

the language of § 2244(a) says only that a federal judge shall not "be required to entertain an application for a writ of habeas corpus" if a prior federal court has passed on the same ground. Certainly § 2244(a) is no flat bar to reconsideration of the five grounds considered by Judge Follmer. In a habeas corpus case seeking relief from state confinement where, as in the first appeal to this court, a certificate of probable cause issued, 28 U.S.C. § 2253, common sense dictates that when considering a subsequent petition a district judge look not to the judgment appealed from but to the judgment of this court to determine, for purposes of 28 U.S.C. § 2244(a), what grounds were presented and determined.

■ Thus we hold that Judge Follmer's prior adjudication of Senk's grounds one through five was not an adequate ground for the denial of the writ in the second habeas corpus proceeding. And since in our prior decision we held that Judge Follmer should not have acted, we now hold that the district court is free to consider all five grounds without regard to his action on the first petition.

■■ There remains for consideration Senk's sixth ground for relief, the delay from May, 1969 to date in deciding the appeal from the denial of his Pennsylvania Post Conviction Hearing Act petition. The district court justified this delay on the ground that the Pennsylvania court was awaiting the Supreme Court's death penalty ruling.[1] See Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (per curiam). That reason has expired by the passage of time. The exhaustion rule of 28 U.S.C. § 2254(b) assumes the existence of an *available* state court remedy, including an *available* appeal. *E. g.*, Way v. Crouse, 421 F.2d 145 (10th Cir. 1970).[2] The present reason for delay in final disposition of Senk's Post Conviction Hearing Act appeal does not appear. Having waited for the decision for three and a half years Senk should not now be subjected to the dismissal of his petition. United States ex rel. Johnson v. Cavell, 468 F.2d 304 (3d Cir. 1972).[3]

The order of the district court will be reversed and the case remanded to the district court:

(1) for a hearing to determine the present status of Senk's appeal from the Pennsylvania Post Conviction Hearing Act decision;

(2) if that appeal has been finally determined, for a decision, including an evidentiary hearing if under 28 U.S. C. § 2254(d) such a hearing shall be deemed appropriate in the light of the entire state court record including the record of the Pennsylvania Post Conviction Hearing Act proceeding, on grounds one through five of Senk's habeas corpus petition;

(3) if that appeal has not been finally determined, for a decision, including an evidentiary hearing if under 28 U.S.C. § 2254(d) such a hearing shall be deemed appropriate, in the light of the state court record without regard to the record in the Pennsylvania Post Conviction Hearing Act Proceeding, on grounds one through five of Senk's habeas corpus petition.

1. It is hard to imagine how the death penalty would be relevant to the illegality of his confinement alleged in grounds one through five.

2. In Way v. Crouse, *id.* at 146–147, Judge Murrah wrote:
"Just as a delay in the adjudication of a post-conviction appeal may work a denial of due process, so may a like delay in the determination of a direct appeal. The question presented here is in what court should petitioner seek vindication of his asserted constitutional grievance. In our view, Way properly resorted to the federal court, which should not, without knowing the facts and circumstances of the eighteen-month delay, have required him at this late date to commence a completely new and independent proceeding through the very courts which are responsible, on the face of the pleadings, for the very delay of which he complains."

3. *See* Singer v. Myers, 392 U.S. 647, 88 S.Ct. 2307, 20 L.Ed.2d 1358 (1968), rev'g per curiam 384 F.2d 279 (3d Cir. 1967).