Commonwealth *v.* Bradley, Appellant.

Argued January 17, 1972. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Lee Mandell,* for appellant.

*Benjamin H. Levintow,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, September 7, 1972:

After a jury trial in the Philadelphia Common Pleas Court, appellant George Bradley was found guilty of first degree murder. The jury fixed appellant's penalty at death and after appellant's post-trial motions were denied and sentence imposed, appellant pursued this appeal.[1] Appellant raises four main contentions which we shall treat seriatim.

First, appellant contends that his arrest was made without probable cause and that his oral and written confessions, as tainted fruits of this allegedly unlawful arrest, were therefore improperly admitted into evi-

---

[1] At the same trial appellant was also found guilty of aggravated robbery. The validity of this conviction is not presently before this Court.

dence at his trial. This contention must be rejected, for appellant's arrest was clearly lawful.

On the evening of December 15, 1967, three males entered a bar located at 15th and York Streets in Philadelphia and held up Charles Mosicant, the bar's proprietor. During the course of this robbery, Mosicant was shot and killed.

On December 19, 1967, the police secured a confession from a Daniel Frazier admitting that he had participated in the robbery and killing of Mosicant.[2] In his confession Frazier implicated appellant as a participant in the same robbery. On the basis of this information supplied by Frazier, the police arrested appellant at his place of employment at approximately 11:20 P.M. on December 19, 1967.

We believe that appellant's arrest was clearly supported by probable cause. See *Commonwealth v. Roach*, 444 Pa. 368, 370, 282 A. 2d 382, 383 (1971);[3] *Commonwealth v. Negri*, 414 Pa. 21, 31, 198 A. 2d 595, 601 (1964), order of affirmance vacated on other grounds, *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965). It has long been the law of Pennsylvania that the uncorroborated testimony of an accomplice is sufficient to convict a defendant. See, e.g., *Commonwealth v. Bruno*, 316 Pa. 394, 402, 175 Atl. 518, 521 (1934); *Commonwealth v. Elliott*, 292 Pa. 16, 22-23, 140 Atl. 537, 539 (1928); *Commonwealth v. DeMasi*, 234 Pa. 570, 572, 83 Atl. 430, 431 (1912); *Commonwealth v. Didio*, 212 Pa. Superior Ct. 51, 57, 239 A. 2d 883, 885 (1968); *Commonwealth v. Pressel*, 199 Pa. Superior

[2] Frazier's appeal to this Court from his conviction of first degree murder and sentence of life imprisonment is reported in *Commonwealth v. Frazier*, 443 Pa. 178, 279 A. 2d 33 (1971).

[3] Roach was also convicted of first degree murder and sentenced to life imprisonment for his participation in the robbery-murder of Mosicant.

Ct. 16, 20, 184 A. 2d 358, 360 (1962). In light of the fact that probable cause may be established by less evidence than would be sufficient to support a conviction,[4] it would be quite inconsistent to hold that information supplied by a confessed accomplice cannot form the basis for probable cause to arrest. See *Miller v. Pennsylvania Railroad Co.*, 371 Pa. 308, 317, 89 A. 2d 809, 813 (1952).

Appellant's second contention is that his oral and written confessions were erroneously admitted since he was not given his *Miranda*[5] warnings *by the officers who interrogated him*. The Commonwealth established that appellant was arrested at his place of employment at approximately 11:20 P. M. on December 19, 1967. Detective Torpey informed appellant that he was a suspect in a murder case, and after appellant had been placed in a squad car, Detective Torpey gave the *Miranda* warnings to appellant at approximately 11:30 P.M. Appellant was transported to police headquarters and turned over to Detectives Hoffman and Schimpf at approximately 11:55 P.M. Shortly thereafter appellant gave an oral statement to the detectives admitting his participation in the robbery. Commencing at approximately 1:40 A.M. on December 20, 1967, appellant gave a formal confession which was reduced to writing by the detectives. The detectives again gave appellant the *Miranda* warnings before taking the formal written statement.

Appellant contends that both his oral and written confessions were unlawfully obtained since the police detectives did not repeat the *Miranda* warnings to appellant at the outset of their interrogation of appellant at police headquarters. In *Commonwealth v. Abrams,*

---

[4] See, e.g., *Commonwealth v. Marino*, 435 Pa. 245, 253, 255 A. 2d 911, 916 (1969).

[5] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

443 Pa. 295, 278 A. 2d 902 (1971), this Court recently held that the failure of the police to repeat the *Miranda* warnings before every interrogation session does not *automatically* vitiate a confession. Here, where the lapse between the time appellant was given his *Miranda* warnings and the time appellant gave his oral confession was apparently less than one hour, we cannot hold that the police had an *absolute* duty to readvise appellant of his *Miranda* rights prior to the interrogation session which resulted in appellant's oral confession.

Appellant's third contention is based upon an apparent total misconception of Pennsylvania procedure in first degree murder cases. Appellant alleges that "Pennsylvania is one of six states that require the issue of guilt and punishment to be heard at the same time" and contends that this procedure constitutes a denial of due process.

However, since December 1, 1959, and years before the trial of this case, the trial courts of this Commonwealth have employed what is popularly known as the "split-verdict" procedure in first degree murder cases. Act of June 24, 1939, P. L. 872, §701, as amended, 18 P.S. §4701. Under this procedure, after a jury has returned a verdict of first degree murder, an additional hearing is held at which the defendant may present to the jury "such additional evidence not previously received in the trial as may be relevant and admissible upon the question of penalty . . . ." Id. This procedure was in fact employed at appellant's trial.

Appellant's final contention is that the imposition of the death penalty in his case violates the Eighth Amendment's ban against cruel and unusual punishments as applied to the states through the Fourteenth Amendment. In *Furman v. Georgia*, 403 U.S. 952, 92 S. Ct. 2726 (1972), the United States Supreme Court

recently held that the imposition of the death penalty under statutes such as the one pursuant to which the death penalty was imposed upon appellant[6] is violative of the Eighth and Fourteenth Amendments. Accordingly, appellant's sentence of death may not now be imposed. See *Moore v. Illinois*, 403 U.S. 953, 92 S. Ct. 2562 (1972).

The conviction of first degree murder is affirmed. The sentence of death is vacated and appellant is sentenced to life imprisonment.

---

[6] Act of June 24, 1939, P. L. 872, §701, as amended, 18 P.S. §4701.