332 A.2d 442
**COMMONWEALTH of Pennsylvania**
v.
**John J. COYLE, Appellant.**

Supreme Court of Pennsylvania.

Jan. 27, 1975.

Rehearing Denied Jan. 22, 1975.

Mary Alice Duffy, Sara M. Duffy, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Steven H. Goldblatt, Chief, Appeals Div., Philadelphia, for appellee.

## OPINION OF THE COURT

PER CURIAM:

On November 20, 1959, John J. Coyle was convicted by a jury in Philadelphia of murder in the first degree, and the punishment was fixed at death. Following the denial of post trial motions, sentence was imposed as the jury directed. An appeal from the judgment of sentence was filed in this Court, and oral argument was presented. Subsequently, we entered an order retaining jurisdiction, but remanding the case to the trial court for further proceedings consistent with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). See 415 Pa. 379, 203 A.2d 782 (1964).

Proceedings followed in the trial court in accordance with our mandate, and an opinion was later entered in that court reciting its findings and conclusions. Coyle filed exceptions to these findings and conclusions and, upon return of the record to this Court, we granted reargument limited to four issues. We subsequently affirmed the judgment of sentence. See 427 Pa. 72, 233 A.2d 542 (1967).

Acting upon a petition filed by Coyle, the Supreme Court of the United States directed the issuance of a writ of certiorari, 392 U.S. 647, 88 S.Ct. 2277, 20 L.Ed. 2d 1344 and then entered the following order:

"Without reaching the petitioners' other claims, the judgments are vacated and the cases remanded for reconsideration in the light of *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776."

Following receipt of the above directive, this Court entered the following order:

"AND NOW, to wit, this 2nd Day of December, 1968, the case is remanded to the Court below for reconsideration in light of *Witherspoon v. Illinois*, [391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776]. The Court is di-

rected to conduct a hearing or any other proceeding deemed necessary. Thereafter, the Court shall report its findings and conclusions to this Court. Either party may file exceptions thereto within a reasonable time and subsequently will be given the opportunity to appear in this Court through counsel and present argument in connection therewith."

After further proceedings in the trial court consistent with the foregoing, that court concluded the standards of *Witherspoon v. Illinois* had not been violated and has so reported to this Court. Coyle has filed exceptions in this Court to the trial court's report. We have also been requested to grant general reargument.

The petition for general reargument is denied and inasmuch as the Supreme Court of the United States in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L. Ed.2d 346 (1972), has ruled that the imposition of the death penalty under statutes such as the one in which the death penalty was imposed upon Coyle [1] is violative of the Eighth and Fourteenth Amendments, it is unnecessary for us to consider Coyle's claim of non-compliance with the *Witherspoon* standard. The Supreme Court, in *Moore v. Illinois,* 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), quoting from *Witherspoon,* stated:

" 'Nor, finally, does today's holding render invalid the *conviction,* as opposed to the *sentence,* in this or any other case.' (emphasis in original). The sentence of death, however, may not now be imposed."

408 U.S. at 800, 92 S.Ct. at 2570–2571. See *Commonwealth v. Bradley,* 449 Pa. 19, 295 A.2d 842 (1972).

The sentence of death is vacated and Coyle is sentenced to life imprisonment.

---

1. Act of June 24, 1939, P.L. 872, § 701, as amended, 18 P.S. § 4701.