401 A.2d 744

**COMMONWEALTH of Pennsylvania**

**v.**

**George BRADLEY, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 16, 1979.

Decided May 31, 1979.

Stanford Shmukler, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Andrew B. Cohn, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

232

ROBERTS, Justice.

On May 20, 1969, appellant was tried by a jury on charges of murder of the first and second degree and aggravated robbery. He was convicted of murder of the first degree and sentenced to death. After the appointment of new counsel, appellant took a direct appeal. On September 7, 1972, this Court modified appellant's sentence to life imprisonment and affirmed the judgment of sentence in other respects. *Commonwealth v. Bradley*, 449 Pa. 19, 295 A.2d 842 (1972). On March 26, 1974, appellant filed a pro se petition under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq., in which he alleged for the first time that he was entitled to a charge on voluntary manslaughter.[1] Appellant's petition was dismissed without appointment of counsel and he appealed. This Court vacated the PCHA court's order and remanded for the appointment of counsel to assist appellant. *Commonwealth v. Bradley*, 470 Pa. 602, 369 A.2d 1155 (1977).

On remand to the PCHA court, counsel was appointed and appellant's petition was amended. The amended petition included the allegation that trial counsel was ineffective in failing to object to the trial court's jury charge that voluntary manslaughter was not a permissible verdict. The PCHA court held, inter alia, that appellant's claims were waived because not asserted by newly appointed counsel on direct appeal.

After the denial of his PCHA petition, appellant obtained new appointed counsel who filed this appeal. Appellant argues that the post-conviction court erred in denying his claim that trial counsel was ineffective. He now seeks to augment that claim by alleging here for the first

1. Appellant's brief, at 4, also recites that in 1973 appellant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. That petition was denied without opinion. The record does not reveal the subject matter of the petition.

time that counsel representing appellant on direct appeal was himself ineffective in failing to allege the ineffectiveness of trial counsel. We may not, however, consider this supplemental claim because it was not presented to the post-conviction court and therefore has not been preserved for review. E. g., *Commonwealth v. Alston*, 473 Pa. 40, 373 A.2d 741 (1977).[2] In the absence of any adequate explanation for the failure of counsel on direct appeal to claim the ineffectiveness of trial counsel, the PCHA court's conclusion that appellant waived the claim of trial counsel's ineffectiveness must be upheld. Post Conviction Hearing Act, 19 P.S. § 1180–4(b) & 4(c) (Supp.1978–79).[3]

The order dismissing appellant's petition is affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent. This Court has held that in order to reach the merits of trial counsel's ineffectiveness, an appellant must raise the issue of each successive attorney's ineffectiveness. This logic is now leading us into becoming entrapped in a legal morass.

In the case before us, PCHA counsel, alleged in the PCHA petition that trial counsel was ineffective. However, since PCHA counsel failed to include a claim that appellate counsel was also ineffective, the issue was waived. Similarly, present counsel alleged before this Court that trial *and* appellate counsel were ineffective but failed to include a claim that PCHA counsel was ineffective. Therefore, the majority reasons, the claim of trial counsel's ineffectiveness is waived. Does this mean that if a fifth attorney were to take appellant's case and allege that trial counsel, appellate

---

2. Here there is no allegation that former PCHA counsel was ineffective and no other circumstance which would obviate a finding of waiver. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

3. None of the factors set forth in *Commonwealth v. Dancer*, 460 Pa. 95, 100–01, 331 A.2d 435, 438 (1975), as justifications for the failure of counsel on direct appeal to raise the claim of trial counsel's ineffectiveness are present here.

counsel, PCHA, and present counsel were *all* ineffective, this Court would *finally* reach the merits of trial counsel's ineffectiveness?

I am aware that there may be different reasons for trial counsel to employ one strategy or another and that therefore trial counsel's effectiveness may sometimes only be determined through an evidentiary hearing. However, there are no strategic reasons for not raising issues at the appellate stage and this Court can determine of its own accord whether counsel beyond the trial level was ineffective or not. Therefore, we should remove ourselves from hyper-technicalities and infer the allegation of PCHA counsel's ineffectiveness and decide the issues of ineffectiveness on the merits.