437 A.2d 1218
**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Frank Earl SENK, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 19, 1981.

Decided Dec. 18, 1981.

both reveal a case-by-case approach to availability and a deference to the Board's findings of availability.

Robert L. Marks, Danville (Court-appointed), for appellant.

Marion E. MacIntyre, Sp. Deputy Atty. Gen., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

LARSEN, Justice.

On July 11, 1961 appellant Frank Earl Senk killed thirteen-year old Jane Benfield. Appellant was apprehended on January 18, 1962, and while in custody he confessed to the murder. In a jury trial appellant was convicted of murder of the first degree. Motions for a new trial and arrest of

judgment were denied, and appellant was sentenced to death. A direct appeal was taken to this Court which affirmed the judgment of sentence. *Commonwealth v. Senk*, 412 Pa. 184, 194 A.2d 221 (1963).

In 1964 the U.S. Supreme Court granted certiorari; *Senk v. Pennsylvania*, 378 U.S. 562, 84 S.Ct. 1928, 12 L.Ed.2d 1039 (1964), and remanded the case to this Court for a review of the voluntariness of appellant's confession in accordance with its decision in *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). This Court remanded the proceedings to the trial court for the purpose of conducting a *Jackson-Denno* hearing. The trial judge determined that appellant's confession was voluntary based on the *Jackson-Denno* standard. This Court again affirmed the judgment of sentence. *Commonwealth v. Senk*, 423 Pa. 129, 223 A.2d 97 (1966). The U.S. Supreme Court then denied certiorari, *Senk v. Pennsylvania*, 387 U.S. 914, 87 S.Ct. 1694, 18 L.Ed.2d 638 (1967).[1]

Represented by the same counsel that represented him at trial and direct appeal, appellant filed his first petition under the Post Conviction Hearing Act[2] (hereinafter PCHA) in 1968. Appellant alleged, inter alia, that his confession was the result of an unlawful arrest and should have been excluded from trial. After a hearing, the PCHA court denied relief. This denial was affirmed by this Court. *Commonwealth v. Senk*, 449 Pa. 626, 296 A.2d 526 (1972).[3]

1. Subsequently appellant filed a writ of habeas corpus in the U.S. District Court which was denied, *U.S. ex rel. Senk v. Russell*, 274 F.Supp. 783 (M.D.Pa.1967). An appeal to the U.S. Court of Appeals was dismissed for failure to exhaust state remedies. *U.S. ex rel. Senk v. Russell*, 396 F.2d 445 (3rd Cir. 1968).

2. Post-Conviction Hearing Act, Act of January 25, 1966, 19 P.S. § 1180–1 et seq. (amended 1981).

3. At that time this Court vacated appellant's sentence of death and sentenced him to life imprisonment. In the prior case of *Commonwealth v. Bradley*, 449 Pa. 19, 295 A.2d 842 (1972), this Court held that the death penalty statute, under which appellant was sentenced, was unconstitutional.

Before our affirmance of the PCHA court's denial of his petition, appellant again sought habeas corpus relief in U.S. District Court for the Middle District of Pennsylvania. The District Court denied appellant's petition on March 21, 1972, without a hearing. Appellant appealed to the United States Court of Appeals for the Third Circuit which reversed and remanded the case to the District Court for hearing on the habeas corpus claims. *U.S. ex rel. Senk v. Brierley*, 471 F.2d 657 (3rd Cir. 1973). Upon remand new counsel was appointed to represent the appellant. After a hearing the District Court denied appellant's petition. *U.S. ex rel. Senk v. Brierley*, 381 F.Supp. 447 (M.D.Pa.1974). Specifically, the District Court found, inter alia, that appellant's confession was not the result of an unlawful arrest. The United States Court of Appeals affirmed, *U.S. ex rel. Senk v. Brierley*, 511 F.2d 1396 (3rd Cir. 1975), and the U.S. Supreme Court denied certiorari, *Senk v. Brierley*, 423 U.S. 843, 96 S.Ct. 77, 46 L.Ed.2d 63 (1975).

On September 22, 1976, appellant filed a second Post-Conviction Hearing Act petition in the Common Pleas Court of Columbia County. After a hearing the PCHA court denied appellant's petition. The instant direct appeal followed.

Appellant's first contention is that trial counsel was ineffective for failing to challenge his illegal arrest. The PCHA court found that no legal basis existed upon which counsel could have challenged appellant's arrest.

Section 1180–3(d) of the PCHA states that a petitioner may not raise an issue in a PCHA petition if that issue has been finally litigated. Section 1180–4(a) states in relevant part that an issue is finally litigated when "the Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue." In appellant's first PCHA petition, the PCHA court concluded that appellant's confession was pursuant to a lawful arrest and we affirmed that determination. *Commonwealth v. Senk*, 449 Pa. 626, 296 A.2d 526 (1972). Appellant now is attempting to have this issue relitigated under the guise of ineffective assistance of counsel. An issue may not be relitigated merely because a

new or different theory is posited as a basis for reexamining an issue that has already been decided. *Commonwealth v. Jones,* 488 Pa. 270, 412 A.2d 503 (1980). Consequently, since the issue of appellant's arrest was considered by the first PCHA court and this Court (as well as the Federal District Court, the U.S. Court of Appeals and the U.S. Supreme Court) this issue may not be relitigated. 19 P.S. § 1180–4(a); *Commonwealth v. Jones, supra.*

■ Appellant's second contention is that he was denied due process of law because of the introduction of his coerced confession into evidence. In *Commonwealth v. Senk,* 423 Pa. 129, 223 A.2d 97 (1966) this Court affirmed the trial court's determination that appellant's confession was voluntary, based on the decision in *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). As previously discussed, an issue is finally litigated if the Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue. 19 P.S. § 1180–4(a). Once an issue has been finally litigated it may not be raised in a PCHA petition. 19 P.S. § 1180–3(d). Consequently, since the issue of appellant's confession was considered by this Court, this issue may not be relitigated. 19 P.S. § 1180–4(a).

Appellant's third contention is that he was denied due process of law because certain facts were withheld by the Commonwealth which would have affected the outcome of the trial. This issue is being raised for the first time in appellant's present PCHA petition.

■ Section 1180–3(d) of the PCHA states that a petitioner may not raise an issue in a PCHA petition if that issue has been waived. Section 1180–4(b) states that an issue is waived if "the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding . . . and the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." Section 1180–4(c) creates a rebuttable presumption that a failure to raise an issue is a knowing and

understanding failure. Appellant does not offer any evidence to establish that an extraordinary circumstance existed which would excuse his failure to raise this issue at an earlier proceeding; nor does appellant offer any evidence to rebut the presumption that his failure to raise the issue was knowing and understanding. Consequently, appellant has waived this issue. 19 P.S. § 1180–4(b).

Finally, appellant contends that he was denied the right to a meaningful appeal because portions of the trial transcript were missing; that trial counsel was ineffective in failing to request that opening and closing statements be recorded; that trial counsel was ineffective for failing to object to inflammatory remarks by the district attorney during his summations to the jury; that trial counsel was ineffective for failing to adequately counsel appellant regarding his decision to petition this Court for rehearing; and that trial counsel was ineffective for failing to file for a change of venue. These issues are being raised for the first time in this PCHA petition. The PCHA court found that these issues were meritless, and in the alternative, that they were waived. We find that these issues have been waived.

Where a petitioner fails to raise issues in a prior counseled post conviction proceeding, he waives these issues for purposes of a subsequent post conviction proceeding unless he establishes that extraordinary circumstances existed which would have excused the failure to raise the issues. 19 P.S. §§ 1180–3(d), 1180–4(b)(2); *Commonwealth v. Newell*, 486 Pa. 474, 406 A.2d 733 (1979). Appellant now claims that because his counsel at his first PCHA hearing was the same as his trial and appellate counsel, an extraordinary circumstance existed which would excuse his failure to raise these issues in his first PCHA petition.

Appellant, however, did not raise this "extraordinary circumstance" argument to the present PCHA court. Appellant first raised this contention in a supplemental brief filed pursuant to his present appeal with this Court. Appellant had an adequate opportunity to present this claim to the PCHA court, but failed to do so. A claim not presented to

the post-conviction court is not preserved for review. *Commonwealth v. Bradley*, 485 Pa. 230, 401 A.2d 744 (1979). Consequently, appellant has not properly presented any "extraordinary circumstances" which would excuse his failure to raise the aforementioned issues in a prior proceeding and hence all of these issues are waived.

Order affirmed.

ROBERTS, J., filed a concurring opinion in which WILKINSON, J., joined.

FLAHERTY, J., filed a concurring opinion in which KAUFFMAN, J., joins.

O'BRIEN, C. J., and NIX, J., concurred in the result.

ROBERTS, Justice, concurring.

I agree that the order of the PCHA court must be affirmed. However, I do not agree with the conclusion that appellant's claims of error have been waived, a conclusion which unnecessarily avoids the merits and is without justification on the record.

Appellant's claims of ineffectiveness were presented to the PCHA court and decided adversely to him on their merits. On this appeal the Commonwealth does not dispute that appellant's claims of ineffectiveness are properly before the Court. Indeed, it is a matter of record that on this PCHA petition appellant is for the first time represented by counsel other than the counsel whom he claims to have been ineffective. Because counsel cannot be expected to raise his own ineffectiveness, appellant's claims of ineffectiveness have clearly been raised at the earliest opportunity. See *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

The PCHA court's determination that appellant's claims are without merit is supported by evidence of record and free of legal error. See *Commonwealth v. Lutz*, 492 Pa. 500, 424 A.2d 1302 (1981). Accordingly, the order denying appellant relief on the merits must be affirmed.

WILKINSON, J., joins in this concurring opinion.

638

FLAHERTY, Justice, concurring.

I concur with the result reached by the majority. As is expressed in my dissenting opinion in *Commonwealth v. Watlington*, 491 Pa. 241, 252, 420 A.2d 431, 437 (1980), a person convicted of a crime should not be permitted to file more than one PCHA petition unless he makes "a colorable due process claim significantly implicating the truth determining process, which, were it unaddressed by the Court, could have the effect of imprisoning an *innocent* person." This is appellant's second PCHA petition, and none of his claims meet these criteria. I would, therefore, deny the petition for this reason.

KAUFFMAN, J., joins this concurring opinion.