464 A.2d 456

**COMMONWEALTH of Pennsylvania**

v.

**Linda Jo EDRINGTON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1983.

Filed Aug. 5, 1983.

546

James Lee Goldsmith, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

Linda Jo Edrington, a/k/a Lennie Joe Edrington, appeals from an order of the Court of Common Pleas of Dauphin County dismissing without a hearing his petition under the

Post Conviction Hearing Act (PCHA).[1] Edrington had pled guilty to murder in connection with the July 1978 shooting death of Anthony Rankin. The plea was made with the understanding that, should the court determine that the degree of guilt rose above third degree murder, Edrington would be permitted to withdraw his plea. The Honorable John C. Dowling accepted the plea and found Edrington guilty of third degree murder. Judge Dowling then imposed a sentence of six to fifteen years' imprisonment. Edrington filed a motion to withdraw his plea on the ground of involuntariness and a motion for reconsideration of sentence on the ground of excessiveness. These motions were denied and Edrington appealed to the Supreme Court of Pennsylvania.

Before the high court Edrington argued only that his sentence was excessive. The Court disagreed and affirmed the judgment of sentence. *Commonwealth v. Edrington*, 490 Pa. 251, 416 A.2d 455 (1980).

Edrington filed his PCHA petition on April 6, 1981. The court appointed counsel, who filed an amended petition. The Commonwealth filed an answer, and the court denied the petition on the basis of the answer.

Edrington's claims are that his guilty plea was involuntary because it was induced by promises of counsel amounting to ineffectiveness, and that the PCHA court erred in refusing to afford him a hearing. These claims are utterly meritless.

■■■■ A challenge to the voluntariness of Edrington's plea is no longer open to him.

1. Act of January 25, 1966, P.L. 1580, §§ 1–14, 19 P.S. §§ 1180–1 to 1180–14 (Supp. 1965–1981), *repealed by* Act of April 28, 1978, P.L. 202, No. 53, § 2(2)[1397], effective June 27, 1980, *as amended by* Act of June 26, 1980, P.L. 265, No. 77, § 2, which delayed repeal until June 27, 1981, *as further amended by* Act of June 26, 1981, P.L. 123, No. 41, § 1, which delayed repeal until June 26, 1982. The current version of the PCHA appears at 42 Pa.C.S. §§ 9541–9551. All subsequent citations to the PCHA will be to the version at Title 19 of Purdon's Statutes, in force during the prior proceedings in this case.

It is well settled that a criminal defendant who deliberately and knowingly chooses to bypass orderly state procedures afforded for challenging his conviction is bound by the consequences of that decision. *Commonwealth v. Myers*, 427 Pa. 104, 233 A.2d 220 (1967); *Commonwealth v. Mika*, 277 Pa.Super. 339, 419 A.2d 1172 (1980). In Pennsylvania, our Post Conviction Hearing Act precludes one from obtaining collateral relief where the issues raised either have been waived or finally litigated. *Commonwealth v. Jumper*, 494 Pa. 451, 431 A.2d 941 (1981). *Commonwealth v. Harper*, 292 Pa.Super. 192, 196–97, 436 A.2d 1217, 1219 (1981); 19 P.S. § 1180–3(d). The act provides that an issue is finally litigated if "[i]t has been raised in the trial court, the trial court has ruled on the merits of the issue, and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling..." 19 P.S. § 1180–4(a)(1). There is a rebuttable presumption that a failure to appeal a ruling is a knowing and understanding failure. *Id.* § 1180–4(c). In this case the voluntariness of Edrington's plea was finally litigated when the trial court denied his motion to withdraw the plea and he failed to appeal. Edrington nowhere alleges that his failure to appeal the ruling was without knowledge or understanding of the consequences.

■ Edrington's claim that guilty plea counsel was ineffective does not resurrect his allegation that the plea was involuntary. A petitioner is not allowed to relitigate a finally litigated ground for relief every time he advances a new legal theory. As the Supreme Court said in *Commonwealth v. Slavik*, 449 Pa. 424, 431–32, 297 A.2d 920, 924 (1972),

Here appellee in the collateral proceeding raises the same "ground" for relief he raised in his direct appeal— the constitutional infirmity of his guilty plea. The only difference is that now he advances a "different legal argument" in support of that "ground." On direct appeal he contended his plea was infirm because coerced by the existence of an illegally obtained confession. Now he

challenges the validity of his plea based on the holding of [*Commonwealth v. Roundtree*, 440 Pa. 199, 269 A.2d 709 (1970)]. A defendant is not entitled to relitigate the validity of his plea every time he offers a new theory or argument which he had not previously advanced. To hold otherwise would virtually emasculate Section 4(a) of the PCHA, defeat its very objective, and permit constant and repetitive relitigation of issues already finally decided on their merits. "In the main, post-conviction remedies exist to try fundamental issues that have not been tried before." American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post Conviction Remedies, § 6.1 (Approved Draft, 1968); *cf. Commonwealth v. Black*, 433 Pa. 150, 249 A.2d 561 (1969).

Appellee's attack on the validity of the guilty plea was conclusively decided by this Court in 1970. That issue, so determined, reached the procedural and substantive end-of-the-line of the state's judicial process. Thereafter that same issue could not be subsequently reintroduced for judicial decision and again begin a tour of the state's judicial system. Indeed, Pennsylvania has a significant and compelling jurisprudential interest in preventing the useless burdening of its judicial machinery with repetitive consideration of issues previously decided. It is evident that the orderly administration of justice requires that a criminal controversy, like any other litigation, some day come to an end. Therefore, since the determination of the guilty plea's validity was a final decision on the merits of that issue within Section 4 of the PCHA, that issue may not be relitigated in a PCHA proceeding simply because another theory or argument is advanced.

(Footnote omitted). Ineffectiveness of counsel is in this case nothing more than a new guise for relitigating the voluntariness of Edrington's plea. *See Commonwealth v. Senk*, 496 Pa. 630, 437 A.2d 1218 (1981); *see also Commonwealth v. Jones*, 488 Pa. 270, 412 A.2d 503 (1980). *Commonwealth v. Hare*, 486 Pa. 123, 404 A.2d 388 (1979), is not

to the contrary. There the appellant had argued on direct appeal that his guilty plea counsel rendered incompetent and misleading advice inducing an involuntary plea. On collateral appeal, the Supreme Court permitted the appellant to argue that counsel on direct appeal was ineffective for not asserting that the trial court had conducted an invalid guilty plea colloquy. The Court said that the two appeals raised two separate grounds for relief, ineffectiveness of trial counsel and ineffectiveness of appellate counsel, even though the second ineffectiveness claim triggered review of facts examined earlier for entirely different reasons. *Cf. Commonwealth v. Alvarado*, 488 Pa. 250, 412 A.2d 492 (1980) (appellant previously had litigated ineffectiveness of counsel as basis for withdrawal of guilty plea; on PCHA appeal the Court remanded for determination whether plea had been unlawfully coerced); *but cf. Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1981) (followed *Alvarado* in remanding for appointment of counsel to litigate issues concerning ineffectiveness of prior counsel, but Rule 1100 claim could not be relitigated under ineffectiveness theory because it had been finally litigated on prior appeal). In the appeal at bar appellant has not raised a separate ground for relief. The question originally litigated was the voluntariness of his plea, a ground for relief he cannot now relitigate under the theory of ineffectiveness of counsel. *Commonwealth v. Orr*, 450 Pa. 632, 301 A.2d 608 (1973).

Moreover, appellant's factual claim—that he pled guilty because his counsel promised him that he would receive a four to twelve year sentence—is completely unsupported in the record. It is elementary that ineffectiveness of counsel will serve as a basis for relief only where the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Whittaker*, 292 Pa.Super. 172, 436 A.2d 1207 (1981). In this case Edrington's allegation that counsel's promise induced his plea is belied by the record of the guilty plea proceedings. The district attorney asked him whether any promises of

counsel had induced his plea, and he answered in the negative. Appellant was also asked whether he understood that the judge was not bound by any plea agreements unless the judge accepted them, and that the judge could sentence him to the maximum sentence allowable for the crime of which appellant was found guilty;[2] appellant answered that he did understand these things. As we said, with good reason, in *Commonwealth v. Brown*, 242 Pa.Super. 240, 247, 363 A.2d 1249, 1253 (1976), "A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We can not permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel." *Accord, Commonwealth v. Young*, 245 Pa.Super. 298, 369 A.2d 412 (1976).[3]

**2.** Third degree murder carries a maximum penalty of a $25,000 fine and twenty years in prison, a fact of which appellant was made aware. *See* 18 Pa.C.S. §§ 2502(c), 1101(1), 1103(1).

**3.** We are cognizant of the suggestion in a footnote in *Commonwealth v. Henderson*, 298 Pa.Super. 180, 444 A.2d 720 (1982) (2–1 panel decision with Wieand, J., dissenting), that *Brown* is no longer persuasive after *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978). *Cf. Commonwealth v. McCall*, 267 Pa.Super. 351, 406 A.2d 1077 (1979). I strongly disagree. If, as the *Henderson* majority seems to intimate, *Strader* holds that a defendant who pleads guilty may not be held to the truthfulness of his answers to the guilty plea judge, the entire purpose of the elaborate guilty plea colloquy required in this state is stultified. *See* Comment to Pa.R.Crim.P. 319, 42 Pa.C.S.A.; *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978), *cert. denied*, 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979). Moreover, if the *Henderson* majority's analysis is correct, *Strader* overrules not only *Brown*, but also well-reasoned unanimous decisions of our Supreme Court, such as *Commonwealth v. Orr, supra*, and *Commonwealth v. Welch*, 425 Pa. 591, 229 A.2d 737 (1967); needless to say, the Superior Court cannot overrule Supreme Court decisions. *Orr* and *Welch* hold that where a defendant's answers at the guilty plea colloquy unequivocally refute his claim that he did not understand what he was doing, he will not be entitled to a hearing on his claim. In each case, the appellant's claim was that guilty plea counsel had rendered inadequate or misleading advice. However, we need not address this apparent conflict any further. In *Henderson, Strader,* and *McCall*, guilty plea counsel had failed to file a motion to withdraw the plea; this Court in each case held that the appellant's assertions of ineffectiveness of counsel overcame the presumption that the appellant had waived the right to challenge the plea. Appel-

Where a petitioner seeks to relitigate, under a new legal theory or factual allegation, an issue already decided against him, the PCHA court acts properly in dismissing his petition without a hearing. *Commonwealth v. Orr, supra.* This is particularly so where the new allegation is patently frivolous and without a trace of support either in the record or from other evidence. *See* 19 P.S. § 1180–9.

Order affirmed.

lant Edrington's motion to withdraw his plea was finally litigated in the trial court, and our ruling is simply that he will not be permitted to relitigate the voluntariness of his plea.