529 A.2d 1130

COMMONWEALTH of Pennsylvania

v.

Daniel CURTIN, Appellant.

Superior Court of Pennsylvania.

Submitted June 15, 1987.

Filed Aug. 14, 1987.

Robert E. McBride, Jr., Erie, for appellant.

Timothy J. Lucas, Assistant District Attorney, Erie, for Com., appellee.

Before DEL SOLE, MONTEMURO and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Erie County denying relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541–9551. We affirm.

On March 12, 1982, appellant, Daniel Curtin, was found guilty by a jury of robbery, conspiracy and various firearms offenses for which the sentences imposed totaled ten to twenty years imprisonment. On direct appeal we affirmed the judgment of sentence on December 31, 1984. 488 A.2d 1162. The Pennsylvania Supreme Court denied Curtin's petition for allowance of appeal on June 24, 1985.

Appellant filed a petition under the PCHA alleging a denial of his constitutional right to competent counsel. Following a counseled evidentiary hearing on December 11, 1986, the court denied relief on February 25, 1987. This appeal followed.

Beginning with post-trial motions, appellant has argued throughout the appeal process that the trial court erred in refusing to examine witness James Mechling outside of the presence of the jury. Appellant theorized that the Commonwealth knew that Mechling would refuse to testify, and such refusal would prejudice appellant. The trial court summarized the basis for the claim as follows.

James Mechling was originally charged with the aforementioned crimes along with the Defendant and one Larry DeFoy. In the Commonwealth's case against Mr. DeFoy, Mr. Mechling refused to testify against the Co-Defendant and was held in contempt. Defendant argues that before Mr. Mechling took the stand in the present case the Commonwealth knew that Mr. Mechling would refuse to testify, and that the refusal and consequences

thereof unfairly prejudiced Defendant in the eyes of the jury.

Trial court opinion at 2. Appellant acknowledges that this issue was considered and rejected by the trial court, this court and the supreme court. However, he now asserts that trial, direct appeal and allocatur counsel all rendered ineffective assistance when they failed to cite two specific cases in support of the above allegation of error.[1]

Pursuant to 42 Pa.C.S. § 9543(4), a PCHA petitioner must show that the allegation of error in his petition has not been finally litigated or waived. In 42 Pa.C.S. § 9544, the legislature set forth the circumstances when a petitioner's claim would be considered to have been finally litigated. That section provides,

(a) Issues finally litigated.—For the purpose of this subchapter, an issue is finally litigated if:

(1) It has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling.

(2) The Superior Court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals.

(3) The Supreme Court has ruled on the merits of the issue.

As the common pleas and superior courts had both determined that the trial court had not erred in disallowing Mechling's testimony in camera, and the supreme court denied permission to appeal, the PCHA court concluded that the issue had been previously litigated and was thus ineligible for review. We agree.

Our case law is clear that one may not relitigate a finally litigated ground for relief every time a new legal theory is advanced. *Commonwealth v. Edrington,* 317 Pa.Super. 545, 464 A.2d 456 (1983). As the Supreme Court

---

1. One of the cases, *Commonwealth v. Johnson,* 339 Pa.Super. 96, 488 A.2d 327 (1985), was not even filed until nearly a year after we affirmed appellant's judgment of sentence.

of Pennsylvania stated in *Commonwealth v. Slavik*, 449 Pa. 424, 431–32, 297 A.2d 920, 924 (1972) (footnote omitted):

A defendant is not entitled to relitigate the validity of his plea every time he offers a new theory or argument which he had not previously advanced. To hold otherwise would virtually emasculate Section 4(a) of the PCHA, defeat its very objective, and permit constant and repetitive relitigation of issues already finally decided on their merits. "In the main, post-conviction remedies exist to try fundamental issues that have not been tried before." American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post Conviction Remedies, § 6.1 (Approved Draft, 1968); cf. *Commonwealth v. Black*, 433 Pa. 150, 249 A.2d 561 (1969).

Appellee's attack on the validity of the guilty plea was conclusively decided by this Court in 1970. That issue, so determined, reached the procedural and substantive end-of-the-line of the state's judicial process. Thereafter that same issue could not be subsequently reintroduced for judicial decision and again begin a tour of the state's judicial system. Indeed, Pennsylvania has a significant and compelling jurisprudential interest in preventing the useless burdening of its judicial machinery with repetitive consideration of issues previously decided. It is evident that the orderly administration of justice requires that a criminal controversy, like any other litigation, some day come to an end. Therefore, since the determination of the guilty plea's validity was a final decision on the merits of that issue within Section 4 of the PCHA, that issue may not be relitigated in a PCHA proceeding simply because another theory or argument is advanced.

In *Commonwealth v. Jones*, 488 Pa. 270, 412 A.2d 503 (1980), the supreme court held that an allegation of ineffective assistance of counsel, for failing to object to deliberation by the jury on bills of indictment on which the defendant contended he had not been properly arraigned, would not be considered. The court had examined the arraignment procedure in the defendant's prior direct appeal and concluded that no impropriety existed. *Commonwealth v.*

*Jones,* 452 Pa. 569, 308 A.2d 598 (1973). The court stated, "Since this issue was fully considered by this Court on direct appeal, it has been finally litigated and is not open to collateral attack." *Commonwealth v. Jones, supra,* 488 Pa. 270, 272, 412 A.2d 503, 504 (citations omitted). The advance of a new or different theory as a basis for relitigating an issue that has already been decided will not justify relitigation. *Id.*

In *Commonwealth v. Senk,* 496 Pa. 630, 437 A.2d 1218 (1981), the supreme court held that Senk's allegation that his trial counsel was ineffective for failing to challenge Senk's illegal arrest could not be relitigated, as the issue of Senk's arrest had been considered by a prior PCHA court and the Pennsylvania Supreme Court, as well. The court stated, "Appellant now is attempting to have this issue relitigated under the guise of ineffective assistance of counsel. An issue may not be relitigated merely because a new or different theory is posited as a basis for reexamining an issue that has already been decided." *Id.,* 496 Pa. at 634–35, 437 A.2d at 1220 (citation omitted).

In the present case, the trial court considered appellant's claim that it was error for that court to refuse to permit James Mechling's examination outside of the jury's presence. The precise issue was rejected by our court in appellant's direct appeal. Thereafter, the Pennsylvania Supreme Court denied Mr. Curtin's petition for allowance of appeal.

Appellant does not advance a new or different theory as a basis for his previously adjudicated claim, he merely asserts that prior counsel's failure to cite two specific cases constitutes ineffective assistance of counsel. We conclude, as did the PCHA court, that this issue may not be relitigated under the guise of ineffective assistance of counsel. *Commonwealth v. Mileshosky,* 350 Pa.Super. 127, 504 A.2d 278 (1986); *Commonwealth v. Thomas,* 335 Pa.Super. 323, 484 A.2d 155 (1984), *rev'd on other grounds,* 512 Pa. 171, 516 A.2d 328 (1986).

Appellant also argues that he is entitled to a new PCHA hearing because the judge who presided at the

hearing had represented the Commonwealth at appellant's sentencing. While we believe it would have been prudent for the PCHA court to have granted appellant's motion to recuse, we cannot say that the court erred in not doing so.

Appellant cites *Commonwealth v. Pavkovich*, 444 Pa. 530, 283 A.2d 295 (1971), and *Commonwealth v. Young*, 439 Pa. 498, 269 A.2d 18 (1970), in support of his claim. In both of those cases, however, the judge whose recusal was sought had prosecuted the defendant at trial. In the present case, the PCHA judge had represented the Commonwealth only at appellant's sentencing; appellant alleged no error with this aspect of his case. Significantly, he also fails to allege any prejudice which resulted from the PCHA court's denial of his motion.

The party who requests recusal bears the burden of establishing bias, prejudice or unfairness necessitating recusal. *Commonwealth v. Reddix*, 355 Pa.Super. 514, 513 A.2d 1041 (1986), citing *Commonwealth v. Perry*, 468 Pa. 515, 364 A.2d 312 (1976). Further, the decision of the judge whose recusal was sought will not be disturbed except for an abuse of discretion. *Commonwealth v. Reddix, supra,* quoting *Commonwealth v. Kane*, 199 Pa.Super. 89, 91, 184 A.2d 405, 406 (1962).

In *Commonwealth v. Darush*, 501 Pa. 15, 459 A.2d 727 (1983), the Supreme Court of Pennsylvania rejected a claim of error against a trial judge whose recusal had been sought solely on the basis of his prior prosecutorial role. The court stated:

[W]e have never held and are unwilling to adopt a *per se* rule that a judge who had participated in the prosecution of a defendant may never preside as a judge in future unrelated cases involving that defendant. Absent some showing of prejudgment or bias we will not assume a trial court would not be able to provide a defendant a fair trial based solely on prior prosecutorial participation.

*Id.*, 501 Pa. at 22, 459 A.2d at 731.

As noted above, the present case does not involve any allegations of error concerning appellant's sentence, which

is the only stage of the proceedings during which the PCHA judge was involved. The judge did not participate in the case before, during or after trial, except during sentencing. Based upon the record before us, we believe the PCHA judge did not err in failing to recuse himself. *Commonwealth v. Darush, supra.*

Order affirmed.