547 A.2d 1194

COMMONWEALTH of Pennsylvania,

v.

**Bernard TENNER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 18, 1988.

Filed Sept. 12, 1988.

Marlene Cooperman, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and MONTEMURO, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order denying appellant's petition for relief under the Post Conviction Hearing Act ("PCHA") which alleged that trial counsel was ineffective for failing to demonstrate at a Rule 1100 hearing, via documentary evidence, that the Commonwealth had failed to exercise due diligence. We affirm the denial of the petition.

On January 7, 1978, appellant and an accomplice forced entry into the home of Mildred Clark and bound and gagged her, threatened to kill her, stabbed her five times, and fled with her cash and jewelry. As a result, law enforcement officials in Philadelphia filed a criminal complaint against appellant charging him with burglary, robbery, simple assault, aggravated assault, possessing instruments of crime, recklessly endangering another person, unlawful restraint, and criminal conspiracy. When appellant could not be

located near his home, the arresting officer supplied photographs and other information to the anti-crime teams and had appellant's photograph shown at all uniform roll calls throughout the city. In April 1978, appellant's father's girlfriend informed police that appellant was residing in Florida. A copy of the warrant and appellant's physical description were forwarded to the Miami Police Department, after which a wanted bulletin was published.

On August 25, 1978, Philadelphia police received a computer message indicating that appellant had been arrested for armed robbery in Florida. On September 15, the Miami Police Department informed Philadelphia authorities that appellant had been arraigned as a fugitive from Pennsylvania and had refused to sign a waiver of extradition. Rule 1100 hearing at 37. Soon thereafter, Philadelphia authorities began extradition procedures by requesting a governor's warrant for appellant. After appellant was sentenced on the Florida charges, Pennsylvania authorities sent a detainer and appellant was delivered to Pennsylvania on April 4, 1979.

After a Rule 1100 hearing on May 22, 1979, the trial court held that Philadelphia police and the district attorney's office acted with due diligence in securing appellant's return to the Commonwealth. In so finding, the trial court specifically held emphasized:

There has been received and the Court has admitted into evidence Defense Exhibit D–1, which purports to be a Waiver 6–E of extradition, such being, however a photocopy. Said document speaks for itself; but, among others, there appears thereon the date of August 30, 1978. *The Court hereby finds, as a matter of fact, that [Miami police] did inform [Philadelphia police], whether it be right or wrong or incorrectly or otherwise, nevertheless, did inform [Philadelphia police] that [appellant] ... refused to waive extradition.* The Court would hereby find support in that conclusion by the ensuing activities by [Philadelphia authorities] which would belie

any contrary information, namely, contrary being that defendant had waived extradition.

Rule 1100 hearing at 66 [emphasis supplied]. On July 19, 1979, appellant's case was tried without a jury and appellant was found guilty and subsequently sentenced.

On November 16, 1979, appellant filed a notice of appeal to this Court. The sole issue raised by appellant on appeal was whether the Commonwealth failed to show that it exercised due diligence in its efforts to locate appellant. We affirmed appellant's judgment of sentence on September 18, 1981, 295 Pa.Super. 608, 437 A.2d 1029, declaring:

> The testimony at the Rule 1100 (c) hearing revealed that the police made continued efforts to locate Appellant from January 7, 1978, until April 14, 1978. The lower court held that these efforts constituted due diligence, and we agree. As the court stated in *Commonwealth v. Hinton,* "The matter of availability and due diligence must be judged by what *was* done by the authorities rather than what was not done." 269 Pa.Super.Ct. 43, 50, 409 A.2d 54, 58 (1979). It is not the function of the courts to dictate that, unless the police follow certain procedures, they are not exercising due diligence. *Commonwealth v. Mitchell,* [472 Pa. 553, 566, 372 A.2d 826, 832 (1977) ].

Memorandum at 5.

On September 11, 1985, appellant filed a *pro se* petition for relief under PCHA. Counsel was appointed and filed an amended petition on appellant's behalf. Following an evidentiary hearing on April 29, 1987, appellant's petition was denied. This appeal followed.

■■■ Appellant asserts that he was "denied effective assistance of counsel at his Rule 1100 hearing due to counsel's failure to demonstrate via documentary evidence that the Commonwealth had failed to exercise due diligence to bring the case to trial." Appellant's brief at 5. The Commonwealth urges that because appellant has already raised the issue of whether the Commonwealth proved due

diligence sufficient to entitle it to the Rule 1100 extension on direct appeal, his petition is unreviewable as finally litigated pursuant to 42 Pa.C.S.A. § 9544(a)(2).[1] We agree. Our case law is clear that one may not relitigate a finally litigated ground for relief every time a new legal theory

1. We note that 42 Pa.C.S.A. § 9544 provides that an issue is finally litigated when "The Superior Court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals.... There is a rebuttable presumption that a failure to appeal a ruling ... is a knowing and understanding failure." *Id.* at (a)(2); (c). Instantly, appellant has offered no facts that rebut the presumption that he knowingly and understandingly failed to appeal from this Court's affirmation of the judgment of sentence. A petitioner has the burden of showing that an issue has not been finally litigated. *Id.* at § 9543(4). We are cognizant of the fact that ineffective assistance of counsel may amount to "extraordinary circumstances" precluding a finding of final litigation. *See Commonwealth v. Jackson,* 329 Pa.Super. 293, 478 A.2d 474 (1984). Our reading of the cases delineating when ineffective assistance of counsel may amount to an extraordinary circumstance rebutting the presumption, however, leads us to the conclusion that the ineffectiveness complained of must specifically relate to trial or appellate counsel's failure to file an appeal. Our Supreme Court has declared:

> If it can be demonstrated that counsel's ineffectiveness prevented a knowing or intelligent waiver of the right to appeal then the ineffectiveness claim is clearly germane to the waiver of appeal question. If the alleged ineffectiveness is not related to the decision to waive the appeal, such a claim will not be considered once it is established that there has been an effective waiver.

*Commonwealth v. Jumper,* 494 Pa. 451, 454, 431 A.2d 941, 942 (1981); *see also Commonwealth v. Wilcox,* 312 Pa.Super. 184, 458 A.2d 575 (1983); *cf. Commonwealth v. Smallwood,* 497 Pa. 476, 442 A.2d 222 (1982) ("ineffective assistance of counsel is an extraordinary circumstance that justifies the failure [of appellant] to raise an issue"); *Commonwealth v. Klinger,* 323 Pa.Super. 181, 470 A.2d 540 (1983) (*"extraordinary circumstances,* to wit the ineffectiveness of Attorneys ...in prior proceedings, *justify* [appellant's] failure to earlier raise defects in his guilty plea colloquy") (emphasis in original).
We emphasize that to permit the ineffectiveness of trial counsel on an issue totally unrelated to appellant's failure to appeal to amount to extraordinary circumstances permitting circumvention of statutorily mandated final litigation would undermine the rebuttable presumption that failure to appeal is knowing and understanding. Because appellant has not specifically raised the ineffectiveness of appellate counsel to file an appeal and because we do not find any evidence in the record of extraordinary circumstances to rebut the presumption that appellant knowingly chose not to appeal to our Supreme Court, we find that appellant knowingly and understandingly failed to pursue further appeals.

is advanced. *Commonwealth v. Edrington,* 317 Pa.Super. 545, 464 A.2d 456 (1983)....

In *Commonwealth v. Jones,* 488 Pa. 270, 412 A.2d 503 (1980), the supreme court held that an allegation of ineffective assistance of counsel, for failing to object to deliberation by the jury on bills of indictment on which the defendant contended he had not been properly arraigned, would not be considered. The court had examined the arraignment procedure in the defendant's prior direct appeal and concluded that no impropriety existed. *Commonwealth v. Jones,* 452 Pa. 569, 308 A.2d 598 (1973). The court stated, "Since this issue was fully considered by this Court on direct appeal, it has been finally litigated and is not open to collateral attack." *Commonwealth v. Jones, supra,* 488 Pa. 270, 272, 412 A.2d 503, 504 (citations omitted). The advancement of a new or different theory as a basis for relitigating an issue that has already been decided will not justify relitigation. *Id.*

In *Commonwealth v. Senk,* 496 Pa. 630, 437 A.2d 1218 (1981), the supreme court held that Senk's allegation that his trial counsel was ineffective for failing to challenge Senk's illegal arrest could not be relitigated, as the issue of Senk's arrest had been considered by a prior PCHA court and the Pennsylvania Supreme Court, as well. The court stated, "Appellant now is attempting to have this issue relitigated under the guise of ineffective assistance of counsel. An issue may not be relitigated merely because a new or different theory is posited as a basis for reexamining an issue that has already been decided." *Id.,* 496 Pa. at 634–35, 437 A.2d at 1220 (citation omitted). *Commonwealth v. Curtin,* 365 Pa.Super. 424, 429, 529 A.2d 1130, 1133 (1987).

In the instant case, the trial court considered appellant's claim that the Commonwealth had failed to exercise due diligence in securing appellant's return to the Commonwealth. That precise issue was rejected by our Court in appellant's direct appeal. Appellant now asserts that trial

counsel was ineffective for failing to demonstrate via documentary evidence that the Commonwealth failed to exercise due diligence. A petitioner is not entitled to relitigate a claim "every time he offers a new theory or argument which he had not previously advanced." *Id.*, quoting *Commonwealth v. Slavik*, 449 Pa. 424, 431–32, 297 A.2d 920, 924 (1972). We conclude, based on the foregoing, that the issue of due diligence may not be relitigated under the guise of ineffective assistance of counsel. *Id.*, citing *Commonwealth v. Mileshosky*, 350 Pa.Super. 127, 504 A.2d 278 (1986); *Commonwealth v. Thomas*, 335 Pa.Super. 323, 484 A.2d 155 (1984), *rev'd on other grounds*, 512 Pa. 171, 516 A.2d 328 (1986).[2]

The order of the PCHA court is affirmed.

**2.** We further note that, in any event, appellant's claim of ineffective assistance must fail. We point out, preliminarily, that the PCHA court mistakenly stated that "a claim under Rule 1100 of the Pennsylvania Rules of Criminal Procedure is not cognizable in a Post Conviction Hearing Act proceeding." Opinion at 3. Our reading of the cases relied upon by the PCHA court reveals that a petitioner may not be discharged under PCHA for trial counsel's failure to object to an extension of time under Rule 1100 unless he has been deprived of his underlying constitutional right to a speedy trial. *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983). *Crowley* and its progeny require, however, that counsel's actions must be weighed against the ineffectiveness standard and deemed to be ineffective before a court may conclude that "the course of conduct denied defendant a constitutional right, thus entitling him to relief under the Post Conviction Hearing Act." *Commonwealth v. Wells*, 513 Pa. 463, 470, 521 A.2d 1388, 1391 (1987).

Therefore, before the PCHA court may address whether appellant has been denied his right to a speedy trial, the court must determine trial counsel's effectiveness according to our well-established three-prong test, which has as its first prong the mandate that a reviewing court first ascertain whether the underlying issue is of arguable merit. *Commonwealth v. Buehl*, 510 Pa. 363, 508 A.2d 1167 (1986). We find that trial counsel's failure to supply a certified copy of appellant's alleged waiver of extradition is of no consequence in light of the trial court's ruling that Philadelphia authorities had acted with due diligence notwithstanding the recognition that Miami police did inform Philadelphia police, "whether it be right or wrong or incorrectly or otherwise, nevertheless, did inform [Philadelphia police] that [appellant] ... refused to waive extradition." Rule 1100 hearing at 66. Therefore, the procurement of a certified copy of the document would nt have affected the hearing court's determination of due diligence by police in apprehending appellant. Because we find that appellant's

underlying claim lacks arguable merit, his request for relief under the PCHA would fail in any circumstance.