COMMONWEALTH of Pennsylvania,
Appellee,

v.

Christopher BERRY, Appellant.

Superior Court of Pennsylvania.

Argued June 19, 2000.
Filed Oct. 2, 2000.

Daniel Silverman, Philadelphia, for appellant.

Joan Weiner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: CAVANAUGH, KELLY, POPOVICH, JOHNSON, HUDOCK, FORD ELLIOTT, EAKIN, STEVENS and TODD, JJ.

EAKIN, J.:

¶ 1 Christopher Berry appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act

(PCRA), 42 Pa.C.S. §§ 9541–9546. On September 4, 1983, Berry's uncle, Reginald Wilkins, ordered him to kill Melvin Langley; Langley had supposedly stolen from Wilkins. Wilkins and Berry drove to an intersection where they knew Langley could be found. Wilkins stayed in the car while Berry shot Langley three times, killing him.

¶ 2 On May 23, 1984, Berry entered a negotiated guilty plea to first degree murder and conspiracy; in exchange for a life sentence, he agreed to testify against his uncle. While he reneged on that deal and refused to testify, he was sentenced to life imprisonment. A few days later, he filed a motion to vacate the sentence and withdraw his plea; counsel amended the motion to allege the guilty plea was involuntary for several reasons and thus invalid. The trial court denied Berry's petition; we affirmed that decision, and the Supreme Court denied his petition for allowance of appeal.

¶ 3 Berry filed a PCRA petition April 21, 1993. New counsel was appointed; an amended petition was filed, which raised many of the issues that were in the motion to vacate sentence, and argued Berry's plea was not knowing, voluntary or intelligent. Following a hearing, the PCRA court denied relief, concluding the issues had been litigated on direct appeal. In this appeal, Berry claims he was misled by the prosecutor and counsel's representations that if he pled guilty he would be eligible for parole in 15 to 20 years.

■■■ ¶ 4 In order to be eligible for relief under the PCRA, a petitioner must show the allegation of error has not been previously litigated. 42 Pa.C.S. § 9543(a)(3). An issue has been previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S. § 9544(a)(2); Commonwealth v. Banks, 540 Pa. 143, 656 A.2d 467,

469 (1995)(subsequent history omitted). Berry cannot obtain review of claims previously litigated on direct appeal by alleging ineffective assistance of prior counsel and presenting new theories in support of these claims. Commonwealth v. Whitney, 550 Pa. 618, 708 A.2d 471, 476 (1998); see also Commonwealth v. Faulkner, 557 Pa. 531, 735 A.2d 67, 69 (1999) (an issue may not be relitigated merely because a new or different theory is posited as a basis for re-examining an issue that has already been decided); Commonwealth v. Tenner, 377 Pa.Super. 540, 547 A.2d 1194, 1197 (1988) ("A petitioner is not entitled to relitigate a claim 'every time he offers a new theory or argument which he had not previously advanced' "), (citation omitted) appeal denied, 522 Pa. 603, 562 A.2d 826 (1989).

■■■ ¶ 5 The voluntariness of this colloquy and plea were previously litigated. Berry's present claim merely constitutes different packaging for that issue, which has already been decided by this Court. That his latest counsel has advanced a new basis for the same challenge to voluntariness does not change that fact.[1] Under the clear authority cited above, he cannot prevail.

■■■ ¶ 6 Even if this claim had not been previously litigated, Berry would still not be entitled to relief. Of the 92–page colloquy, the only language Berry complains of is:

> I ... want you to understand that life means life. It might mean that after 15 years you would be released. It might mean after 20 years you would be paroled. It might mean that you would never get out of prison. Life means life and there are no promises with regard to when and if you would eventually be released from prison.

This peripheral dispute, now bordering on the uncivil, is rendered irrelevant by our disposition.

---

1. Counsel have exchanged accusations about who said what about whether the present theory was the brainchild of Berry or counsel.

\* \* \*

[F]or you to be released from prison at any point in the future, an application for your release would have to be considered first by the state Board of Probation and Parole and if they recommended your release, then by the Governor of the Commonwealth, and only if the state Board agreed to it and the Governor agreed to it could you be released.

N.T., 5/23/84, at 89–90. The word "parole" was incorrect; the proper term would have been "commutation". As the Commonwealth correctly notes, the use of the wrong word was technically incorrect, but in context was not misleading.[2]

¶ 7 The Supreme Court has rightly stated "life imprisonment is not a certainty where a life sentence is imposed." *Commonwealth v. Washington*, 549 Pa. 12, 700 A.2d 400, 416 (1997), *cert. denied*, 524 U.S. 955, 118 S.Ct. 2375, 141 L.Ed.2d 742 (1998). The relevance of the prospect of eventual release from incarceration to someone pleading guilty is not the name given the release; by whatever process and by whatever name the process is called, the factor of moment is that imprisonment until death is not a certainty.

¶ 8 The question is not whether parole is distinct from commutation; the question is whether the distinction affected the voluntariness of the plea. Berry gives us no reason to find the difference between the terms parole and commutation was at all meaningful to him at the time; we are given no reason to believe the error made any difference to his decision whatsoever. Demonstrating the insignificance of the distinction, in *Commonwealth v. Clark*, 551 Pa. 258, 710 A.2d 31 (1998), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1465, 143 L.Ed.2d 550 (1999), the Supreme Court even used "parole" interchangeably with "commuta-

tion" when discussing the implication of a life sentence. *Id.*, at 36 n. 9; *see also Commonwealth v. Marrero*, 546 Pa. 596, 687 A.2d 1102, 1109–1110 (1996)(same), *cert. denied*, 522 U.S. 977, 118 S.Ct. 434, 139 L.Ed.2d 334 (1997).

¶ 9 The record clearly shows, as the learned PCRA court correctly noted, this issue of the plea's voluntariness was fully litigated in Berry's direct appeal to this Court. Accordingly, the court properly dismissed the petition.

¶ 10 Order affirmed.

**2.** The PCRA judge, who did not take the plea in 1984, found Berry pled guilty to avoid the death penalty, not under any illusion that he would ever get out of prison. While counsel suggests this was not a first-hand factual find-

ing but a conclusion based on the record, this is a distinction unavailing to his cause; either way, it is the only reasonable conclusion the record allows.