J-S72014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IRVIN MOORE, | |
| Appellant | No. 3581 EDA 2016 |

Appeal from the PCRA Order Entered October 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0907441-1969

BEFORE:  BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 19, 2018**

Appellant, Irvin Moore, appeals *pro se* from the post-conviction court's order denying, as untimely, his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of Appellant's case, as follows:

> On July 11, 1969, Granville Sawyer was fatally shot in the abdomen at his home in Philadelphia.  One week later, … [Appellant], aged twenty-three, was arrested in connection with the incident and gave two incriminating statements to the police.
>
> On September 3, 1970, following a jury trial presided over by the Honorable Earl Chudoff, [Appellant] was convicted of first-degree murder and aggravated robbery.  On August 4, 1971, the trial court sentenced [Appellant] to life imprisonment on the murder conviction and a lesser, concurrent term of

_____

[*] Former Justice specially assigned to the Superior Court.

incarceration on the remaining charge. On November 26, 1973, the Pennsylvania Supreme Court affirmed the judgment of sentence.[2]

> [2] *Commonwealth v. Moore*, 311 A.2d 620 (Pa. 1973).

On June 1, 1976, [Appellant], through Robert B. Mozenter, Esquire, filed his first petition for collateral relief under the former provisions of the Post Conviction Hearing Act ("PCHA").[3] On October 19, 1976, the PCHA court issued an order formally denying the petition.

> [3] Act of January 25, 1966, P.L. (1965) 1580, *codified at* 19 P.S. § 1180-1 *et seq.* The PCHA was repealed in part, modified in part, and renamed the Post Conviction Relief Act, effective April 13, 1988.

On August 24, 2012, [Appellant] filed the instant *pro se* PCRA petition.[4] [Appellant] filed a supplemental petition on September 9, 2015[,] that was reviewed jointly with his initial petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the PCRA court's intent to dismiss his petition on June 28, 2016. [Appellant] submitted a response to the Rule 907 notice on July 14, 2016. On October 6, 2016, the PCRA court dismissed his PCRA petition as untimely. On November 3, 2016, the instant notice of appeal was timely filed to the Superior Court.

> [4] The current version of the PCRA contains a provision permitting a defendant whose conviction became final prior to January 16, 1996, the date the current version of the PCRA took effect, to file a timely first PCRA petition within one year of that date. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-57 (Pa. Super. 1997) (holding that where a petitioner's judgment of sentence became final on or before the effective date of the amendment to the PCRA, the amended PCRA contained a provision whereby a first PCRA petition could be filed by January 16, 1997, even if the conviction in question became final more than a year prior to the date of the filing). [Appellant's] most recently filed PCRA petition was neither his first nor was it filed within one year of the date the amendment took effect.

PCRA Court Opinion (PCO), 2/7/17, at 1-2 (one footnote omitted).

After Appellant filed his *pro se* notice of appeal, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, despite not having ordered Appellant to file a Rule 1925(b) statement. Herein, Appellant raises one issue for our review: "Is Appellant's Life Without Parole Sentence pursuant to Title 18 [P.S.] § 4701 illegal and subject to correction?" Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on February 24, 1974, at the conclusion of the 90-day time period for seeking review of his judgment of sentence with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); ***Commonwealth v. Owens***, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, his present petition filed in 2012 is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant does not specify which exception he is attempting to satisfy. Instead, he presents an extremely confusing argument in which

- 4 -

he seemingly avers that his sentence of life imprisonment was rendered illegal by our Supreme Court's decision in *Commonwealth v. Bradley*, 295 A.2d 842 (Pa. 1972).

More specifically, Appellant claims that in *Bradley*, our Supreme Court struck down the statute under which his first-degree murder sentence was imposed, *i.e.*, 18 P.S. § 4701 (repealed). Section 4701 read, in pertinent part: "Whoever is convicted of the crime of murder of the first degree is guilty of a felony and shall be sentenced to suffer death in the manner provided by law, or to undergo imprisonment for life, at the discretion of the jury trying the case, which shall, in the manner hereinafter provided, fix the penalty." *Commonwealth v. McKenna*, 383 A.2d 174, 178 n.7 (Pa. Super. 1978). The *Bradley* Court, following *Furman v. Georgia*, 408 U.S. 238 (1972), deemed section 4701 unconstitutional to the extent it left "unbridled discretion in the sentencing body to determine whether or not a sentence of *death* should be imposed in a particular case." *McKenna*, 383 A.2d at 177 (emphasis added). Thus, it is clear that *Bradley* invalidated death sentences imposed under section 4701; Appellant, however, received a sentence of life imprisonment for his murder conviction. Consequently, the Commonwealth maintains that *Bradley* "had no bearing on life sentences, like [Appellant's], that were imposed pursuant to [section] 4701." Commonwealth's Brief at 14 (citing *Commonwealth v. Edwards*, 426 A.2d 550, 553 (Pa. 1981) ("The question of the validity of a death penalty statute is moot when no death penalty is imposed.")).

We cannot examine what impact **Bradley** had on Appellant's sentence, as we do not have jurisdiction to review this untimely, post-conviction claim. Although Appellant's argument purportedly challenges the legality of his sentence, to invoke this Court's jurisdiction, he must prove that a timeliness exception applies.  **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits).  Appellant fails to offer any discussion of how the Court's decision in **Bradley** meets one of the above-stated timeliness exceptions.  Moreover, even if it did, Appellant clearly cannot satisfy the 60-day requirement of section 9545(b)(2) based on a case issued in 1972.  Accordingly, Appellant has not demonstrated that the PCRA court erred by denying his untimely-filed petition.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


*Date: 1/19/2018*